UNITED STATES, Appellee,

v.

Private (E–1) Joseph D. EWING, SSN 321–48–1091, United States Army, Appellant.

CM 433414.

U. S. Army Court of Military Review.

27 May 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Larry D. Anderson, JAGC, and Captain

R. Stuart Broom, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Laurence M. Huffman, JAGC, were on the pleadings for appellee.

Before COOK, Senior Judge, DRIBBEN and DeFORD, Judges.

DRIBBEN, Judge:

## OPINION OF THE COURT ON FURTHER REVIEW

A *DuBay*[1] type hearing was held in the case *sub judice*, at the direction of this Court, to more fully develop the facts surrounding appellant's enlistment in order that we might determine a jurisdictional issue alluded to but left unresolved in the trial on the merits.

During the course of this limited rehearing the following pertinent facts were developed regarding the enlistment of appellant. While completing his enlistment papers appellant made some mention to the recruiters, *albeit* unspecific and apparently in a joking manner, that he had a juvenile record involving a conviction for a burglary. In response, the recruiter told appellant not to worry about his police record, although whether this was meant to indicate that he should just state the facts and not worry about the outcome is not clear. Appellant interpreted this as authorization or encouragement to withhold further information on his record.[2] There is no evidence that this result was specifically intended by the recruiters but as a minimum the ambiguity on their part contributed thereto. The recruiters apparently made no further inquiries into the matter nor did they request a

---

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

2. In completing DA Form 3286, Statements for Enlistment, appellant answered "yes" to questions whether he had been arrested, charged or held by any law enforcement authorities or juvenile officials for any law violations and whether he had been convicted of a felony or

any other offense or adjudicated a juvenile delinquent. In explanation of these affirmative answers, appellant wrote on the DA Form 3286 that he "ran" a red light in September 1973 for which he was fined $45.00. He denied on that form having ever been imprisoned, on parole or probation, or under suspended sentence.

waiver for this disqualification as required by the regulations.[3]

It is apparent from the record that appellant was not coerced into enlisting. Therefore he was not a "forced volunteer" whose enlistment is "void at its inception." *United ed States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974). Neither was appellant enlisted as a result of criminal misconduct on the part of the recruiters designed to conceal some known disqualification of the applicant. *United States v. Little,* 24 U.S. C.M.A. 328, 52 C.M.R. 39, 1 M.J. 476 (1976); *United States v. Russo,* 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975); *United States v. Bunnell,* 49 C.M.R. 64 (A.C. M.R.1974).[4]

We find no evidence of criminal activity on the part of the recruiting officials, there was a lack of alertness on their part as to the ambiguity created by their statements, and evidence of negligence in that normal processing done in a reasonably careful manner would have revealed the need to submit a waiver application or deny enlistment. Furthermore, it is also apparent that either alone or upon his perception of the response of the recruiters appellant fraudulently misrepresented his record.

We find that the recruiters' actions or lack thereof in this case to have been at best simple misfeasance and not that degree of misconduct which precludes jurisdiction *in personam.* Therefore, we conclude that the military trial judge's determination of jurisdiction was correct.

The findings of guilty and the sentence are affirmed.

Senior Judge COOK and Judge DeFORD concur.

3. *See* Line H. Table 2–5, paragraph 2–5, and Section III, AR 101–210, 1 May 1966, changed by C18, 11 August 1973.

4. *United States v. Fialkowski,* 2 M.J. 858 (A.C.M.R. April 29, 1976), contains an excellent discussion of "cases characterized by efforts on the part of persons with a real or induced desire to enter the Army to overcome regulatory bars to their entry by criminal conspiracy with recruiting officials."