**UNITED STATES, Appellee,**

v.

**Staff Sergeant Harry L. DAVIS, SSN 237–94–7453, United States Army, Appellant.**

**CM 445883.**

U.S. Army Court of Military Review.

31 Oct. 1984.

Released for Publication 16 Nov. 1984.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Craig E. Teller, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

### OPINION OF THE COURT

WOLD, Senior Judge:

Contrary to his pleas appellant was convicted of assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. He was sentenced to a bad-conduct discharge, confinement at hard labor for one year and six months, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence.

Appellant contends the convening authority erred in denying his request for an evidentiary hearing to determine whether appellant was prejudiced by an unauthorized viewing of the crime scene by two members of the court-martial panel. We agree, and will therefore grant relief without hearing the oral argument requested by appellant.

In his rebuttal to the post-trial review, appellant's trial defense counsel informed the convening authority that two court members had visited the scene of the assault for the purpose of viewing the crime scene. Supporting affidavits executed by the two officers were attached. Citing *United States v. Witherspoon*, 16 M.J. 252 (C.M.A.1983), the trial defense counsel contended that the convening authority was required to direct the military judge to conduct a hearing for "judicial assessment of the facts and the prejudicial impact on appellant's rights." *Id.* at 254.

The staff judge advocate advised the convening authority to deny the defense's request. In rendering his opinion the staff judge advocate relied upon supplementary affidavits executed by the two court members that they were not influenced to the appellant's detriment by their view of the

crime scene, nor did they discuss their observations with any of the other court members.

The facts of this case are remarkably similar to those in the lead case cited by the defense, *United States v. Witherspoon*, 16 M.J. 252 (C.M.A.1983). However, the cases differ in one respect—the information improperly obtained by the court member in *Witherspoon* was a matter of common knowledge. In contrast, the information obtained by the members in the case *sub judice* was not a matter of common knowledge; furthermore, it pertained to the critical factual issue in the case, the available street light at the time of the crime, and to the defense's theory of mistaken identification by the victim. By any fair reading of *Witherspoon*, these differences mandate a judicial hearing on the issue.

 Accordingly, the case is returned to The Judge Advocate General of the Army for remand to the same or a different convening authority for referral to a general court-martial in order that a limited hearing may be held to determine whether appellant suffered prejudice by the unauthorized viewing of the crime scene by the two court members.[1] If a limited hearing is deemed impracticable, the convening authority may disapprove the findings and sentence and order a rehearing if he deems a rehearing practicable; if not, he will then dismiss the charge. The limited hearing will be held within 30 days of the date of receipt of this order unless a continuance is granted by the military judge of the court-martial to which the case is referred.[2] Upon the conclusion of the limited hearing the military judge will enter his findings of

fact and conclusions of law. If the military judge determines that the appellant did suffer prejudice, he shall order the findings of guilty and sentence set aside. The convening authority may then order a rehearing; if he deems a rehearing impracticable, he will dismiss the charge. If the military judge determines that the appellant suffered no prejudice, the authenticated transcript of the proceedings will be forwarded to the convening authority for consideration. If the convening authority determines that the proceedings are correct in law and fact, he will return the approved proceedings with the record of trial to the Court. If he determines that the proceedings are not correct, he may take appropriate remedial action, including, if appropriate, withdrawal of the previous action and taking a new action.

Judge FELDER and Judge NAUGHTON concur.

---

**1.** The authority for limited hearings was established in *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1968). Such a hearing is not a rehearing as provided for in the UCMJ and the Manual for Courts-Martial. There is no requirement that the convening authority's action on the findings and sentence be withdrawn prior to conducting the limited hearing. *See United States v. Flint*, 24 U.S.C.M.A. 270, 51 C.M.R. 722, 1 M.J. 428 (1976); *United States v. Perez*, 18 U.S.C.M.A. 24, 39 C.M.R. 24 (1968); *United States v. Cooper*, Misc.Ord. No. 30, 530,

U.S.C.M.A. Daily Journal 76–191 (October 4, 1976); *United States v. Zuis*, 49 C.M.R. 150 (A.C.M.R.1974).

**2.** In the event of a decision to transfer the case to another jurisdiction where conducting the hearing is deemed more practicable, the 30 day period shall begin anew upon receipt in that command; however, all efforts must be made to expedite the transfer and the holding of the hearing.