**UNITED STATES, Appellee,**

v.

**Private First Class Eugene A. MILLENDER, 368–82–7100, United States Army, Appellant.**

**ACMR 8702272.**

U.S. Army Court of Military Review.

Oct. 28, 1988.

For Appellant: Lieutenant Colonel Joel
D. Miller, JAGC, Major Stewart C. Hudson,
JAGC, Captain Mary C. Cantrell, JAGC (on
brief).

For Appellee: Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Captain George R. Gillette,
JAGC, Captain James K. Reed, JAGC (on
brief).

Before DeFORD, KANE and
WERNER, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Contrary to his pleas, appellant was con-
victed by a general court-martial consisting
of officer and enlisted members of larceny
of government property, arson, and house-
breaking in violation of Articles 121, 126,
and 130 of the Uniform Code of Military
Justice, 10 U.S.C. §§ 921, 926, and 930
(1982). His adjudged and approved sen-
tence included a bad-conduct discharge,
confinement for four years, forfeitures of
all pay and allowances, and reduction to the
grade of Private E1.

Appellant now requests this court to set
aside the findings and the sentence and
authorize a rehearing thereon. He argues
that the military judge abused his discre-
tion by denying the defense's challenge for
cause against a court member. We dis-
agree.

The basis of the challenge by appellant
was that the court member, Sergeant Ma-
jor (SGM) Clayborne Garrett, had been
"tainted" as the result of two separate and
improper contacts by SGM Garrett with
members of the staff judge advocate (SJA)
office during the course of the court-mar-
tial. Each occurrence was promptly report-
ed to the military judge who immediately
and thoroughly investigated the circum-
stances attending each incident. He deter-
mined in each instance that, considering the
nature of the contact, the candor of the
parties involved, and his first-hand observ-
ance and impressions of the witnesses,
SGM Garrett had not been compromised.

The first improper contact occurred dur-
ing a short break in the proceedings prior
to findings. A brief and otherwise unre-
markable conversation had been initiated
by a Ms. Monica Ingram, employee of the
SJA office.[1] No substantive matters relat-
ing to the court-martial were discussed.

The second occurrence which ultimately
precipitated the unsuccessful challenge for
cause occurred during a break following
findings and prior to commencement of the
sentencing phase of the trial. SGM Gar-
rett inquired of a noncommissioned officer
who worked as a legal clerk in the Criminal
Law section of the SJA office, Staff Ser-
geant (SSG) Sharon Morgan, whether it
would be possible to know the outcome of
the "other sentence." SSG Morgan appar-
ently assumed that SGM Garrett was refer-
ring to the appellant's first trial.[2] SGM
Garrett testified that he was in fact refer-

1. Ms. Ingram apparently recognized SGM Gar-
rett as a sometime customer in her cousin's
German tavern/hotel. His acquaintance with
her was apparently as equally distant. Addi-
tionally, it appears that she was in fact the
girlfriend of one of the principal government
witnesses, Parrish. See note 3, *infra*.

2. The accused had been previously tried, con-
victed, and sentenced for the offenses at hand,

ring to the sentence adjudged in the court-martial of appellant's accomplice, Parrish.[3] In any event, no responsive answer was given and SGM Garrett was not exposed to extrajudicial information which could have influenced the deliberations. *Compare United States v. Witherspoon,* 16 M.J. 252 (C.M.A.1983), *with United States v. Davis,* 19 M.J. 689 (A.C.M.R.1984). Accordingly, the military judge did not err in denying the appellant's challenge for cause against SGM Garrett.

We have considered those matters personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them without merit.

The findings and sentence are affirmed.

Senior Judge DeFORD and Judge WERNER concur.

---

but, because of a jurisdictional defect, the trial was subsequently declared a nullity.

**3.** Parrish, the accomplice of accused and a key prosecution witness against accused in the case at hand, had earlier been tried, convicted and sentenced by a general court-martial for the same offenses. Civilian defense counsel persistently attempted to portray Parrish as an opportunist who, with a testimonial grant of immunity, was merely attempting to better his chances for clemency action by the convening authority.