**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Three Kenneth G. SANDERS, 494–56–2928, United States Army, Appellant.**

**ACMR 9003039.**

U.S. Army Court of Military Review.

28 July 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Robert H. Pope, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before GRAY, De GIULIO, and GONZALES, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

DE GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of five specifications of graft, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988) [hereinafter UCMJ]. He was sentenced to a dismissal, confinement for eighteen months, and total forfeitures. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of six months for a period of twelve months. This court affirmed the findings of guilty and the sentence. *United States v. Sanders*, ACMR 9003039 (A.C.M.R. 20 Aug. 1991) (unpub.).

On 30 January 1992, the United States Court of Military Appeals noted the appellant's assertions that there was an undisclosed agreement with the staff judge advocate, that he suffered cruel and unusual punishment while in confinement, and that his counsel was ineffective in her post-trial efforts. *United States v. Sanders*, 35 M.J. 221 (C.M.A.1992) (summary disposition). The court set aside the decision of this court and ordered a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), solely for the purpose of resolving the noted issues. *Sanders*, 35 M.J. at 222. The *DuBay* hearing has been completed and the case is again before us for appellate review.

■ Appellant asserts that the military judge erred by not announcing the findings of the *DuBay* hearing in the presence of all parties in violation of Rule for Courts–Martial 922(a) and (c) [hereinafter R.C.M.]. We disagree and affirm.

After the *Dubay* hearing, the military judge did not announce his findings of fact

and conclusions of law. He announced that he would attach them to the record of trial. After the hearing, he made written findings of fact and conclusions of law. His findings of fact led him to conclude that there was no undisclosed understanding between the trial defense counsel and the staff judge advocate, that appellant's treatment did not violate the proscription against cruel and unusual punishment, and that the government did not interfere with appellant's right to meet with his counsel during post-trial processing of his case.[1] He attached his findings of fact and conclusions of law to the record of trial on 8 December 1992, the date he authenticated the record of the hearing. He did not announce the findings in open court. This is the subject of appellant's assertion of error.

Before discussing appellant's assigned error, we find no reason to disturb the military judge's findings of fact and conclusions of law. We agree with them. The assertions of error which resulted in the *DuBay* hearing are without merit.

To support his contention concerning the military judge's failure to announce the findings of fact, appellant cites R.C.M. 922(a) which provides, "[f]indings shall be announced in the presence of all parties promptly after they have been determined." He also points to R.C.M. 922(c) which provides that, "[t]he military judge shall announce the findings when trial is by military judge alone or when findings may be entered upon R.C.M. 910(g)." R.C.M. 910(g) concerns the entry of findings after the acceptance of a plea of guilty and is not pertinent to the issue before us.

 We believe that the findings of the military judge are similar to "special findings" in R.C.M. 918(b). Under that provision, findings may be made orally or in writing. When they are written, they may be made during or after the court-martial, but must be made before authentication and must be included within the record of trial.

We find that the military judge's actions in this case satisfied this provision. We presume that his attachment of the document to the record of trial occurred before authentication. We hold that in this *DuBay* hearing, the military judge was permitted to attach his written findings of fact and conclusions of law to the record of trial before authentication. He was not required to announce them in open court. The assertion of error is without merit.

The remaining assertions of error, to include those personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit. The findings of guilty and the sentence are affirmed.

Chief Judge GRAY and Judge GONZALES concur.

---

1. Although the United States Court of Military Appeals indicated appellant had alleged ineffective assistance of counsel, at the *DuBay* hearing, appellant clarified the issue to indicate he was alleging that the government interfered with his right to meet with his counsel. Consequently, he alleges counsel could not represent him in post-trial matters effectively. Appellant expressed satisfaction with the post-trial representation provided by his counsel.