**UNITED STATES, Appellee**

v.

**Thomas S. MORGAN, Senior Airman, U.S. Air Force, Appellant.**

No. 96–1022.
Crim.App. No. 31096.

U.S. Court of Appeals for
the Armed Forces.

Argued March 5, 1997.

Decided Sept. 5, 1997.

Effron, J., filed concurring opinion.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel David W. Madsen* (on brief); *Colonel Jay L. Cohen* and *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Theodore J. Fink* (on brief).

*Opinion of the Court*

COX, Chief Judge:

Appellant was convicted of forgery and larceny.[1] The issues in this appeal relate to the propriety of the Court of Criminal Ap-

---

1. Pursuant to his pleas, appellant was convicted of forgery, in violation of Article 123, Uniform Code of Military Justice, 10 USC § 923. Though also entering pleas of guilty to wrongful appropriation, he was convicted of the greater offense of larceny (2 specifications) of property of a combined value of $11,860.00, in violation of Article 121, UCMJ, 10 USC § 921. The officer and enlisted members, sitting as a general court-martial at Fairchild Air Force Base, Washington, sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $200.00 pay per month for 12 months, and reduction to E–1. Without compulsion of a pretrial agreement, the convening authority approved the sentence except for confinement exceeding 10 months and forfeitures exceeding $100 pay per month for 10 months.

peals' reviewing appellant's conviction. Before that court, appellant assigned as error, *inter alia*, the adequacy of trial defense counsel's performance at both the findings and the sentencing phases of the court-martial. By the time of that appeal, however, trial defense counsel had been transferred and was working for the Court of Criminal Appeals in the capacity of law clerk.

In addition to the assignment of error, appellant filed a "Motion for *DuBay* Hearing" at the Court of Criminal Appeals to resolve the adequacy of representation question. *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967). Therein, appellant argued that trial defense counsel's "working relationship" with the court "present[ed] a serious appearance of conflict." Motion at 2. In support of his motion, appellant asserted his "understanding" that trial defense counsel "is currently clerking for Panel No. 3" and that his "case is scheduled to be decided by Panel No. 1." Motion at 1–2. The Government disputed the appearance of conflict since the "case is not assigned to the panel for whom his trial defense counsel is detailed as the clerk." Government Opposition to Motion at 2. The Court of Criminal Appeals summarily denied the *DuBay* motion on January 9, 1995.

Subsequently, in support of its response to the assignments of error, the Government moved to submit an affidavit from trial defense counsel, and the motion was granted. Therein, counsel responded to the specific accusations of inadequate performance. With respect to her current position, she stated only: "I am currently assigned as an Honors Law Clerk at the Air Force Court of Criminal Appeals." In its unpublished opinion, that court resolved the adequacy of representation issue against appellant. The court concluded that appellant had not met his burden of establishing trial defense counsel's deficiency and that, in any event, no

prejudice appeared. Unpub. op. at 3–4. Neither in its opinion nor in its denial of the motion did the Court of Criminal Appeals discuss whether trial defense counsel had participated in the disposition of the appeal in any way.

Appellant then petitioned this Court, asking *inter alia* whether the Air Force Court should have sent appellant's case to another service's court to resolve the effective-assistance question. Instead of granting that issue,[2] we specified these issues for review:

### I

WHETHER THE RECORD OF THE PROCEEDINGS BELOW IS ADEQUATE FOR THE COURT OF APPEALS FOR THE ARMED FORCES TO DETERMINE WHETHER IT WAS AN ABUSE OF DISCRETION FOR THE JUDGES OF THE AIR FORCE COURT OF CRIMINAL APPEALS TO NOT DISQUALIFY THEMSELVES IN THE FACE OF APPELLANT'S CLAIM OF A CONFLICT OF INTEREST.

### II

WHETHER IT WAS AN ABUSE OF DISCRETION FOR THE JUDGES OF THE AIR FORCE COURT OF CRIMINAL APPEALS TO NOT DISQUALIFY THEMSELVES FROM HEARING APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO 28 USC § 455(a) AND CANON 3 OF THE AIR FORCE UNIFORM CODE OF JUDICIAL CONDUCT FOR MILITARY TRIAL AND APPELLATE JUDGES.

■ Before this Court, apparently in response to the issues granted, appellant has filed three motions. One of the motions is to submit appellate documents. These documents include a portion of the Air Force

2. To begin to analyze that question, compare Article 17(b), UCMJ, 10 USC § 817 (b) ("In all cases, departmental review ... shall be carried out by the department that includes the armed force of which the accused is a member"), and Hearings on H.R. 2498 Before a Subcomm. of the House Armed Services Comm., 81st Cong.,

1st Sess. 613 (1949) ("DR. MORGAN. Well, if the Navy lad was tried by the Army court-martial the board of review would be the Navy JAG."), with Article 66(b), UCMJ, 10 USC § 866(b) ("The Judge Advocate General shall refer to a Court of Criminal Appeals the record in each case of trial....").

Court of Criminal Appeals' internal rules regarding the assignment of law clerks, as well as multiple orders by the Chief Judge of that court establishing the composition of the various panels during the relevant period of appellant's appeal before that court.

By separate motion, appellant seeks to amend certain pages of his final brief. In the amended pages, he argues that the documents submitted in the first motion establish that trial defense counsel actually worked, at various times, for one or more of the appellate judges who acted on his appeal or motion at that court.

In his final motion before this Court, appellant invites our attention to several additional cases that may be germane to the issues we specified.

Notwithstanding the Government's opposition to the first two motions, we hereby grant all of appellant's motions. We deem the first two motions as being responsive to issues first specified by this Court; thus, they were not untimely. We readily acknowledge the Government's objection, however, that we are not a court empowered to find fact, and we do not so find. Art. 67(c), Uniform Code of Military Justice, 10 USC § 867(c)(1994).

■ As a matter of law, we hold initially that the Air Force Court of Criminal Appeals as an institution is not disqualified from reviewing appellant's convictions. Even if all the judges of a particular Court of Criminal Appeals are personally disqualified from reviewing a given case, the Judge Advocate General of that service can readily assign new judges who are not disqualified. *See Edmond v. United States,* — U.S. —, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997); *Weiss v. United States,* 510 U.S. 163, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); Art. 66(a), UCMJ, 10 USC § 866(a) (1994).

■ Although the court as a whole is not disqualified, the question remains whether any of the judges who acted on the appeal or motion should have disqualified themselves. Even as supplemented, however, this record is not adequate for us to determine that question as a matter of law.

A military judge is required generally to "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." RCM 902(a), Manual for Courts–Martial, United States (1995 ed.). In addition, a specific ground for disqualification exists "[w]here the military judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." RCM 902(b)(1). For purposes of these rules, " '[p]roceeding' includes ... appellate review...." RCM 902(c)(1).

But we held in *United States v. Hamilton,* 41 MJ 32, 38–39 (1994), that RCM 902(d)(2) (pertaining to a party's right to question a judge regarding a ground for disqualification) did not apply to appellate military judges. We noted, however, that "RCM 902 is based on 28 USC § 455." We noted further that Canon 3C of the Code of Judicial Conduct, which clearly does apply to the judges of the Courts of Military Review (now the Courts of Criminal Appeals), "is virtually identical to RCM 902(a) and 28 USC § 455, in that all three require disqualification of a judge when that judge's 'impartiality might reasonably be questioned.' " 41 M.J. at 39. [3]

The thrust of appellant's complaint is that employment of trial defense counsel at the Court of Criminal Appeals during the pendency of his appeal and her professional association with at least some of the judges who acted on his case created a reasonable appearance of partiality. Appellant likens the matter to cases in which a firm with which a judge is negotiating for employment represents a party in litigation before that judge, or one in which an attorney representing a party before a judge had been the judge's clerk during an earlier proceeding in the same case. *In re Continental Airlines Corp.,* 901 F.2d 1259, 1261–62 (5th Cir.1990); *Fredonia Broadcasting Corp., Inc. v. RCA Corp.,* 569 F.2d 251, 254–57 (5th Cir.1978).

---

**3.** See Also Canon 3E, Uniform Code of Judicial Conduct for Military Trial and Appellate Judges, AF/JA Operating Instruction No. 04 at 21 (15 Feb. 1991).

If the rule advocated by appellant is the law (*i.e.*, that the presence and general association of former defense counsel whose conduct is in issue disqualifies the entire Court of Criminal Appeals, regardless of counsel's degree of participation in the appellate review of the case or counsel's specific service to or relationship with any of the appellate judges), then it is even clearer that the same rule would apply to the assignment of former military trial judges as Court of Criminal Appeals judges. In other words, since an appeal generally requires the appellate court to sit in judgment of the correctness of the rulings and conduct of the trial judge, it should be obvious that no military judge could become a judge at the Court of Criminal Appeals while any appeals arising from that judge's trials were before that court. Otherwise, the entire appellate court would automatically be disqualified from reviewing those cases.

That is not the rule, however. Article 66(h), which explicitly addresses such matters, merely limits a judge from reviewing his or her own records:

> No member of a Court of Criminal Appeals shall be eligible to review the record of any trial if such member served as investigating officer in the case or served as a member of the court-martial before which such trial was conducted, or served as military judge, trial or defense counsel, or reviewing officer of such trial.

Had Congress meant to bar the entire court from acting, it could easily have done so. Indeed, under Article 66(h), had trial defense counsel become a judge of the Court of Criminal Appeals instead of merely a clerk, it is quite clear that she could not review the record in this case. But it is equally clear that the rest of the court could. We are aware of no rule of law or authority anywhere which automatically bars entire appellate courts from reviewing cases which involved their peers, prior to their appointment to the appellate court. So much less forceful is the argument that an appellate court is disqualified by former defense counsel's mere presence as a clerk at the court, regardless of counsel's particular participation in the appellate review of the case.

On the other hand, there is also no rule of law that states that a judge of an appellate court can never become disqualified or tainted due to an association with a former participant in litigation before the court. *See generally* R.Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges* §§ 9.4, 9.5, and 9.8 (1996). To this extent, we agree with appellant that the assignment of his former defense counsel, whose representation he is attacking, to the tribunal reviewing his case raises important questions which should be answered. This Court cannot resolve the issue without a specific statement describing the extent, if any, of Captain Salinas' particular participation in the appellate review of this case.

In such cases, we believe it is incumbent upon a court, when challenged, to answer the questions directly in order to dispel even the appearance of impropriety. We leave to the discretion of the court below the means with which to resolve the questions raised.

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for a specific response by the judges involved to the question whether Captain Salinas participated in the decision in appellant's case, and if so, to what extent; and that response shall be made part of the record. Thereafter, the record will be returned directly to this Court for further review. It is not our intention to invade the deliberation process of the court below. All we require is a simple statement whether, or to what extent, counsel participated in any part of the appellate process in this case and whether her credibility played any part in any decision. *Cf. United States v. Ferguson,* 550 F.Supp. 1256 (S.D.N.Y.1982).

Judges SULLIVAN, CRAWFORD, and GIERKE concur.

EFFRON, Judge (concurring):

I concur in the majority opinion remanding this case for the Court of Criminal Appeals

to address specifically the extent, if any, of Captain Salinas' particular participation in the appellate review of this case. On remand, it is important that the court below address this issue in a manner that sets forth fully the rationale for its disposition of the underlying substantive issue in this case — the alleged ineffective representation of trial defense counsel. The consequences of Captain Salinas' role at the Court of Criminal Appeals might vary significantly, depending on whether that court viewed this matter as an issue involving the personal and professional credibility of Captain Salinas or whether that court determined that the issue of ineffective assistance could be addressed without regard to the credibility of Captain Salinas.