# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

#### v.

### William S. BENEDICT
### Yeoman Chief (E-7), U.S. Coast Guard

### CGCMG 0124

### Docket No.  1083

### 16 August 2002

General Court-Martial convened by Commander, Thirteenth Coast Guard District.  Tried at Thirteenth District, Seattle, Washington, 4-6 September 1996.  *Dubay* hearing was held at Thirteenth Coast Guard District, Seattle, Washington, 1 March 2002.

| | |
|---|---|
| Military Judge (Dubay Hearing): | CAPT David M. White, JAGC, USN |
| Trial Counsel (Dubay Hearing): | LT Jason R. Hamilton, USCG |
| Defense Counsel (Dubay Hearing): | LT Ryan J. McBrayer, JAGC, USN |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

### BEFORE
### PANEL ONE
### BAUM, KANTOR & CAHILL[*]
Appellate Military Judges

Per Curiam:

On 21 April 2000, this Court reviewed the record of trial in this case pursuant to Article 66, Uniform Code of Military Justice (UCMJ), and affirmed the findings and sentence, after rejecting the assignment of errors.[1]  Thereafter, Appellant petitioned the Court of Appeals for the Armed Forces for review pursuant to Article 67, UCMJ, and that Court granted review of two issues: (1) whether the convening authority failed to select the court-martial members in accordance with Article 25, UCMJ, and (2) whether the case should be remanded to determine if it was error to administratively reduce Appellant 14 days after he entered confinement, and the impact, if any, of *United States v. Gorski,* 47 M.J. 370 (1997) upon Appellant's retired pay.  On 27 September 2001, the Court held that the convening authority selected the court members in

---

[*] Judge Cahill did not participate in this decision.

[1] *United States v. Benedict*, Dkt No. 1083 (C.G.Ct.Crim.App. 2000)(unpublished per curiam can be found at https://afls16.jag.af.mil/dscgi/ds.py/Get/File-66881/BENEDICT.htm).

accordance with Article 25, UCMJ, but set aside the decision of this Court and remanded the record for a hearing pursuant to *United States v. Dubay*, 17 USCMA 147, 37 CMR 411 (1967), to determine whether appellant was reduced in grade 14 days after entering confinement and whether automatic forfeitures were assessed against Appellant's retirement pay.[2]

The *Dubay* hearing has been completed with a military judge provided by the U.S. Navy at the Coast Guard's request to replace the Coast Guard's designated General Court-Martial judge, who was disqualified from presiding. The replacement judge conducted a very thorough hearing and made comprehensive findings of fact. The hearing and findings establish that since all of Appellant's offenses predated the effective date of Articles 57(a)(1) and 58(b), UCMJ, there was an erroneous initial application of those Articles to Appellant's sentence, but that this mistake did not cause Appellant to forfeit or otherwise lose any pay as a result or to be otherwise prejudiced. Accordingly, the judge recommended that any error in this regard be found to have been entirely harmless. Additionally, the judge expressed the view that the military justice system, and particularly *Dubay* hearings in connection with extended appellate review of otherwise final convictions, are a cumbersome and inefficient way of correcting pay disputes. We concur with that view as well as the judge's recommendation that future pay disputes over proper application of Articles 57 and 58b, UCMJ, be directed for resolution through established administrative procedures for correcting errors in pay calculations.

The record is now before us for further review and Appellant, without admitting that the findings and sentence are correct in fact and law, has submitted this case to the Court on its merits as to any and all errors. We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we concur with the findings of the military judge who conducted the *Dubay* hearing. Furthermore, we have determined again that the findings of guilty and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are reaffirmed.



For the Court,

Roy Shannon, Jr.
Clerk of the Court

---

[2] *United States v. Benedict*, 55 M.J. 451 (2001).