UNITED STATES, Appellant

v

ROBERT L. DuBAY, Private,
CHARLES L. LIEURANCE, Private,
CLYDE F. LIVERAR, JR., Private, No. 20,149;
CHARLES R. FITZGERALD, Private, No. 20,150;
ROBERT L. JONES, Private, No. 20,151;
CLYDE PHENIX, Private, No. 20,153;
GREGORY W. TELL, Private, No. 20,154;
BILLY C. BUCHANAN, Private First Class, No. 20,158;
ROBERT A. RICHMIRE, Private, No. 20,161;
DAVID W. SCOTT, Private, No. 20,163;
CALVIN C. BAXTER, JR., Private, No. 20,174;
GARY E. FARMER, Private, No. 20,175;
OLLIE J. JOHNSON, Private, No. 20,177,
U. S. Army, Appellees

*Captain L. Frank Chopin* argued the cause for Appellant, United States. With him on the brief were *Colonel Peter S. Wondolowski, Lieutenant Colonel David Rarick, Major John F. Webb, Jr., Captain William R. Steinmetz,* and *Captain Robert E. Davis.*

*Captain Anthony F. Cilluffo* argued the cause for Appellees, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Paul V. Melodia,* and *Captain John Kagel.*

---

## UNITED STATES, Appellee

v

## EDWARD V. MOORE, Private First Class,
## U. S. Army, No. 20,179, Appellant

*Colonel Daniel T. Ghent* argued the cause for Appellant, Accused. With him on the brief were *Captain Anthony F. Cilluffo* and *Captain Paul V. Melodia.*

*Major John F. Webb, Jr.* argued the cause for Appellee, United States. With him on the brief were *Colonel Peter S. Wondolowski, Lieutenant Colonel David Rarick,* and *Captain William R. Steinmetz.*

### 17 USCMA 147, 37 CMR 411

---

July 21, 1967

Opinion of the Court*

PER CURIAM:

These cases involve the same basic issue, *i.e.,* whether the Commanding General, Fort Leonard Wood, Missouri, violated the provisions of Uniform Code of Military Justice, Article 37, 10 USC § 837, with respect to the findings and sentence, or sentence alone, as

---

* Amended 17 USCMA 678.

adjudged by the particular general courts-martial[1] appointed by him to hear the causes. Both parties are agreed that, at the very least, a serious issue is raised concerning whether there was such command interference with these judicial bodies.

In the nature of things, command control is scarcely ever apparent on the face of the record, and, where the facts are in dispute, appellate bodies in the past have had to resort to the unsatisfactory alternative of settling the issue on the basis of *ex parte* affidavits, amidst a barrage of claims and counterclaims. Compare United States v Ferguson, 5 USCMA 68, 17 CMR 68, with United States v Shepherd, 9 USCMA 90, 25 CMR 352. The conflicts here make resort to affidavits unsatisfactory and we determine upon the following as the means of settling the matter herein, as well as in future cases in which a similar issue may be raised either here or before a board of review. See United States v Schalck, 14 USCMA 371, 34 CMR 151.

In each such case, the record will be remanded to a convening authority other than the one who appointed the court-martial concerned and one who is at a higher echelon of command. That convening authority will refer the record to a general court-martial for another trial. Upon convening the court, the law officer will order an out-of-court hearing, in which he will hear the respective contentions of the parties on the question, permit the presentation of witnesses and evidence in support thereof, and enter findings of fact and conclusions of law based thereon.[2] If he determines the proceedings by which the accused was originally tried were infected with command control, he will set aside the findings or sentence, or both, as the case may require, and proceed with the necessary rehearing. If he determines that command control did not in fact exist, he will return the record to the convening authority, who will review the findings and take action thereon, in accordance with Code, supra, Articles 61 and 64, 10 USC §§ 861, 864. The convening authority will forward the record, together with his action thereon, to the Judge Advocate General for review by a board of review, in accordance with Code, supra, Article 66, 10 USC § 866. From the board's decision, the accused may appeal to this Court on petition, or the decision may be certified here by the Judge Advocate General, under the provisions of Code, supra, Article 67, 10 USC § 867.

In each of the above-styled cases, such disposition is ordered, without prejudice to the new convening authority's right to take appropriate action under Code, supra, Article 67(f) or Code, supra, Article 66(e), if he deems a rehearing on the issue of command control impracticable.

---

[1] CM 415047, CM 414829, CM 414896, CM 414832, CM 414862, CM 415138, CM 414957, CM 415325, CM 415530, CM 415214, CM 415354, CM 414897, respectively.

[2] Normally, collateral issues of this type would, on remand in the civil courts, be settled in a hearing before the trial judge. The court-martial structure, under the Uniform Code of Military Justice, however, is such that this cannot be accomplished. Accordingly, it is necessary to refer the matter to a court as such, although it is to be heard by the law officer alone.