KARL L. SMITH, Private, U. S. Marine Corps, Petitioner

v

RAYMOND A. HELGEMOE, Commander, U. S. Navy,
Commanding Officer, Naval Disciplinary Command, Portsmouth,
New Hampshire, Respondent

Miscellaneous Docket No. 74-30

April 26, 1974

*Captain Charles J. Hely,* USMCR, counsel for Petitioner.

*Lieutenant Colonel G. L. Bailey,* USMC and *Lieutenant Commander Harvey E. Little,* JAGC, USN, counsel for Respondent.

## MEMORANDUM OPINION OF THE COURT

On consideration of the Petition for Reconsideration filed in this case, the unpublished memorandum opinion and order issued on April 18, 1974, is withdrawn and the following substituted therefor.

By a petition for writ of habeas corpus, petitioner seeks his release from confinement contending that such action is, and since March 14, 1974 was, required by the terms of a pretrial agreement entered into on November 26, 1973, prior to his trial by special court-martial at Camp Pendleton, California.

The petitioner alleges that on or before that date, he and his defense counsel initiated a proposal for a pretrial agreement. Under its terms, set out in a typewritten memorandum, he agreed to enter pleas of guilty to each of the charges and specifications,[1] provided the convening authority agreed to approve a punitive discharge and to remit all confinement and forfeitures in excess of a

---

[1] CHG I: Violation of Article 86, UCMJ; absence without leave, July 17 to September 10, 1973.

CHG II: Violation of Article 121; two specifications alleging larceny of Government property.

CHG III: Violation of Article 123; eight specifications alleging forgery of checks.

period of 2 months; should no punitive discharge be included in the sentence of the court-martial, then all confinement and forfeitures in excess of a period of 2 months would be suspended. Prior to trial on November 26, 1973, the defense counsel informed petitioner that the convening authority had accepted the proposal. He examined the memorandum of pretrial agreement and observed that the convening authority had signed it before two witnesses whose signatures are affixed under date of November 26, 1973. Trial commenced on that date, and further proceedings, not otherwise described in the petition, were conducted on November 30, 1973, and on January 24, and 25, 1974. Pursuant to the agreement petitioner entered pleas of guilty, was convicted as charged, and was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months and forfeiture of $200.00 of his pay for a like period. Pursuant to that sentence, he was placed in confinement at Camp Pendleton on January 25, 1974, and on March 14, 1974, he was transferred to the Naval Disciplinary Command, Portsmouth, New Hampshire, where he is presently confined.

On March 19, 1974, he received a copy of the record of his trial, and avers that he then learned that the memorandum of pretrial agreement described above provided for confinement and forfeitures for a period of 4 months rather than the 2 months he had proposed and believed had been accepted by the convening authority.

On the basis of the above-recited facts, petitioner filed his petition in this Court. An order to show cause issued thereon and the response thereto and other pleadings have been filed by the parties.

The response is based largely on information set out in four affidavits. Captain Weiser, who represented petitioner before the special court-martial, deposes that he presented the proposal for a pretrial agreement calling for approval of confinement for 2 months. The convening authority, Major Drost, felt this was inadequate, and penned in 4 months over the typewritten proposal of 2 months, initialing the change. Captain Weiser related this to petitioner "in these exact words, 'Well, they won't give us two but they will give us four. What do you think?'" Petitioner informed him, states Captain Weiser, that "four months was fine and that he wanted to get the case over with as soon as possible." He cannot recall exactly when petitioner signed the agreement but he believes it was subsequent to the signing by Major Drost.

Major Drost's affidavit states that he received the pretrial proposal from the staff judge advocate's office, penned in the modifications referred to, initialed the changes, and returned the document to the staff judge advocate. He has no recollection of the date he acted, but he does recall that petitioner's signature did not appear thereon at the time, and the space reserved for it was undated.

Captain Bishop, the military justice officer, declares that he received the proposal for a pretrial agreement from Captain Weiser prior to November 26, 1973, and forwarded it to Major Drost. Although he has no specific recollection of the case thereafter, he declares that it was standard procedure to forward such proposals unsigned by the particular accused, and that the convening authority would study all pertinent information, and in some instances pen in changes in the terms. When such changes were not acceptable to the defense, the defense counsel merely destroyed the agreement. In no case was an agreement altered after the accused signed it.

Captain Crutchfield, trial counsel of the special court-martial, declares that he examined the pretrial agreement on January 24, 1974, and noting the penned alterations, called the defense counsel's attention to them. He was present when counsel, Captain Weiser, advised petitioner of the modifications and of the legal effect thereof. On the following day, he again examined the agreement prior to its submission to the court-martial, and observed that provision was made for suspension of confinement and forfeitures in excess of 4 months.

There are a number of circumstances presented by the pleadings and exhibits which, standing alone or considered as a whole, may not require the acceptance of either version of the agreement. They

do, nevertheless, raise questions of fact which should be further investigated and reviewed. In ·this particular, we note that although petitioner initialed changes in the recital of offenses charged and those to which he undertook to plead guilty, he did not initial the changes made with respect to the sentence. Yet, his signature was affixed, presumably, after the convening authority made the changes. Trial counsel was apparently unaware of the existence of the agreement for a period of 2 months, and his recollection of its terms seems incomplete. On the other hand, defense counsel appears to have signed the document as a witness to the convening authority's signature, and his assertion that he informed petitioner of the convening authority's modification of the proposal is corroborated by the trial counsel. These questions are sufficiently serious to require resolution by a primary factfinding tribunal before which all material evidence may be presented and the parties may be heard. United States v DuBay, 17 USCMA 147, 37 CMR 411 (1967).

The pleadings filed subsequent to the filing of the petition indicate that the convening authority completed his review of the record of trial and approved the findings and sentence on March 19, 1974. It further appears that the record is presently pending action by the officer exercising general court-martial jurisdiction.[2] It thus appears that the review was in progress, or about to be undertaken at the very moment the petitioner was transferred from Camp Pendleton for confinement at the Naval Disciplinary Command, in Portsmouth, New Hampshire. Perhaps the present problem could have been averted had the initial review and action been accomplished prior to petitioner's transfer to the Disciplinary Command.

If petitioner is permitted to remain in confinement prior to that hearing he will have served the full 4 months of confinement before the issue is resolved. In this particular, we note that on March 25, 1974, petitioner applied to the proper authority for deferral of his confinement pursuant to Article 57(d), UCMJ, 10 USC § 857(d). We are advised that this application was denied April 16, 1974.

Accordingly it is ordered:

1. That the officer exercising general court-martial jurisdiction, prior to taking action upon the record of petitioner's trial, refer the case to a special court-martial convened by his order;

2. That the military judge of said special court-martial conduct a hearing in accordance with Article 39(a), UCMJ, 10 USC § 839(a), and hear the respective contentions of the parties on the question of the period of confinement and forfeitures raised by petitioner, permit the presentation of witness and evidence in support thereof, and enter findings of fact and conclusions of law based thereon; the record of such proceedings will be attached to the record of trial and reviewed as an integral part thereof;

3. That petitioner be released from confinement forthwith pending resolution of the issues presented to the military judge as provided herein.

[2] See Article 65(b), UCMJ, 10 USC § 865(b).