UNITED STATES

v.

**Sergeant Stephen J. HOUNSLEA,**
**FR 117–44–6577.**

**ACM S24540 (f. rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 June 1978.

28 Dec. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

EARLY, Chief Judge:

This case is now before us for the third time. In our previous decisions we were concerned with certain statements made at trial by the appointed and individual defense counsel relating to an "agreement" affecting the accused's plea of guilty. In order to resolve the unanswered questions raised by defense counsel, we directed a limited rehearing as contemplated by *United States v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). Such a hearing was conducted, and the record and findings of fact by the military judge are now before us.

The underlying facts are detailed in our earlier opinions and need not be repeated here. See *United States v. Hounslea*, 5 M.J. 546 (A.F.C.M.R.1978). In essence, the accused was charged with four specifications involving illegal drugs. Upon preparing the case for trial, the trial counsel determined that two of the specifications might be difficult to prove and proposed to recommend to the convening authority that they be dismissed. At about the same time, the defense counsel, on his consideration of the case against the accused, decided that he would offer to plead guilty to the two specifications upon which the evidence against the accused was the strongest if the Government would dismiss the other two and made his intentions known to the trial counsel. The latter, without specifically agreeing to this proposal did as he had previously intended and recommended to the convening authority that two specifications be dismissed, and this was accomplished. At this point, defense counsel be-

lieved that his offer had been accepted and conveyed such to the accused.[1]

At trial, the accused pleaded guilty to the two remaining specifications, and, after proper providency inquiry,[2] the military judge accepted his pleas. It was only when the assistant trial counsel, who was charged with handling the presentencing aspect of the case, attempted to show the commission of the other two offenses, that the defense counsel realized no agreement had been reached. In an out-of-court hearing the Government made its position clear that there was no agreement, and that, if the accused were in any way misled, he should withdraw his pleas.[3]

In consequence of the foregoing, we are convinced there was a misunderstanding in the mind of the defense as to the import of Government's action in dismissing the two specifications. We find, as did the military judge, that there was no agreement between counsel, and that the Government never intended to imply one existed. We find that there was a unilateral mistake on the part of the defense.

We are thus left with the question of whether the accused's pleas of guilty were improvident. We hold they were not. The accused, even believing there was an agreement, only sought to have the two specifications dismissed in return for his pleas of guilty.[4] In fact this occurred, albeit for other reasons. In effect, he got what he bargained for. Under these circumstances, we cannot find any material prejudice to the substantial rights of the accused. Article 59, Uniform Code of Military Justice, 10 U.S.C. § 859.[5]

The findings of guilty and the sentence are

AFFIRMED.

---

1. Defense counsel was informed on two occasions prior to trial that five matters in aggravation would be offered by the assistant trial counsel. Thus, accused's pleas were not conditioned on the exclusion of this evidence. At trial, only one of these matters was admitted.

2. See *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

3. Accused testified that he was aware he could have changed his pleas at anytime.

4. Although we do not choose to resolve this case on this basis it could well be argued that the accused waived any such post-trial attack by virtue of his responses to the providency inquiry that there was no pretrial agreement.

5. Accused testified that the reason he pleaded guilty to the two remaining specifications was "because I was guilty of the two charges that I plead guilty . . . . It was the way I wanted to do it. . . ."