**UNITED STATES**

v.

**Airman Todd M. BAKER, FR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, United States Air Force.**

**ACM S28387.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 July 1990.

Decided 13 Jan. 1992.

**560**

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Major Paul H. Blackwell, Jr.

Before HODGSON, McLAUTHLIN and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

HODGSON, Senior Judge:

This was a bench trial, and after the court was closed for deliberation on findings, the trial judge discovered the word "rental" on a ski that was the subject of the larceny allegation.[1] Concerned by his discovery, he contacted another judge about what to do. As a result of this discussion, he reopened the court, informed counsel for both sides that he had spoken with a fellow judge, and proposed pursuing the matter further. There was no objection by either party.

Appellate defense counsel question "the propriety of [a] judge's communications with an individual, not a party to the proceedings without the presence of counsel from either side or the accused regarding the very case on which the judge was then deliberating." They ask for an evidentiary hearing to determine "whether the appellant suffered any prejudice from the irreg-

---

1. After mixed pleas, the appellant was convicted by special court-martial of stealing ski equipment and conspiring to steal a radar detector.

ular practices of the judge." *See generally* R.C.M. 1102; *United States v. Dubay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

■ This assignment of error is devoid of merit. The trial consultation with another judge was entirely proper. *See Gaston v. Hunter,* 121 Ariz. 33, 588 P.2d 326 (App. 1978). It was consistent with the American Bar Association Code of Judicial Conduct (1972), Canon 3.A.(4) and accompanying commentary, *reprinted at* Judicature (August–September 1985) at 77. It is also consistent with the Model Code of Judicial Conduct, adopted on 7 August 1990 by the American Bar Association House of Delegates, establishing standards of ethical conduct of judges. The assigned error would involve the following canon of the present code:

### Canon 3

A judge shall perform the duties of judicial office impartially and diligently.

Section B(7)(c) of Canon 3 states:

A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities *or with other judges.*

(Emphasis added.)

■ On 15 February 1991, The Judge Advocate General of the Air Force promulgated the Code of Judicial Conduct for Military Trial and Appellate Judges and Uniform Regulations and Procedures Relating to Judicial Discipline. *See generally United States v. Rhea,* 29 M.J. 991 (A.F.C.M.R.1990). The Air Force's Code states the rule in the same terms. Historically, a trial judge has always been permitted to consult another judge, and to do so does not impinge on the judge's independence. The canons of judicial conduct simply restate that tradition. There was no error.

In the remaining assigned error, appellate defense counsel claim that it was improper for the trial judge to reopen the proceedings to seek additional evidence on

---

He was sentenced to a bad conduct discharge, 5 months confinement, forfeiture of $482 pay per month for 6 months, and reduction to E-1.

the larceny allegation after he had closed for deliberation. Although the parties orally stipulated to the additional evidence which appeared to satisfy the trial judge's concern, the appellant now argues that the additional evidence "constituted a deprivation of [his] right to confront witnesses against him...." There was no objection at trial to the judge's discussions with counsel that led to the stipulated testimony.

 Military practice does not require the factfinder content himself or herself with the evidence adduced by the parties. After the parties have rested, the trial judge, if sitting as the factfinder, may ask that additional witnesses be called or require that a witness who testified be recalled for additional examination. R.C.M. 801(c); *United States v. Rogers*, 14 U.S.C.M.A. 570, 34 C.M.R. 350 (1964). The trial judge did not err in asking for further evidence. Here, that evidence was produced in the form of stipulated testimony with the appellant's full participation and consent.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Judges McLAUTHLIN and JAMES concur.