# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES

### v.

## Timothy M. McBRIDE
### Electronics Technician First Class, U.S. Coast Guard

## CGCM 0126
## Docket No. 1086
## 13 August 1998

General Court-Martial convened by Commander, Seventeenth Coast Guard District, Juneau, Alaska. Tried at Integrated Support Command Kodiak, Alaska, on 15 July 1996.

| | |
|---|---|
| Military Judge | CAPT Lane I. McClelland, USCG |
| Trial Counsel | LT Brian McTague, USCGR |
| Detailed Defense Counsel | LT D. Brent Pope, JAGC, USNR |
| Assistant Defense Counsel | LT Charles Swift, JAGC, USNR |
| Appellate Defense Counsel | LT Richard R. Beyer, USCGR |
| Appellate Government Counsel | LT William G. Rospars, USCG |

## BEFORE
## PANEL FOUR

## BAUM, KANTOR, AND WESTON
Appellate Military Judges

Per Curiam:

Appellant was tried by a general court-martial with officer members. Contrary to his pleas, he was convicted of two specifications of indecent assault upon his stepdaughter and one specification of indecent liberties at divers times with that stepdaughter, who was under the age of sixteen, all in violation of Article 134 of the Uniform Code of Military Justice (UCMJ), 10 USC §934. The members sentenced appellant to be reduced to pay grade E-3, to be confined for 90 days, and to be discharged from the service with a bad conduct discharge. The convening authority approved the sentence as adjudged.

Before this Court, Appellant has assigned six errors: (1) that a substantial class of potential court-martial

members were excluded from serving for an arbitrary and irrelevant reason; (2) that the convening authority s duty to select court-martial members was impermissibly delegated in violation of Article 25(d), UCMJ; (3) that guilt of Charge I, specification 17, has not been proven beyond a reasonable doubt; (4) that a hearing in accordance with *U.S. v. Dubay*, 17 USCMA 147, 37 CMR 411 (1967), should be ordered to ascertain whether the testimony of one of the witnesses was improperly influenced; (5) that defense counsel s failure to inform the court of inconsistencies between the trial testimony and the Article 32, UCMJ, hearing testimony of one of the witnesses constituted ineffective assistance of counsel; and (6) that the taking of Appellant s pay pursuant to Article 58b, UCMJ was impermissible *ex post facto* punishment.

Our action with respect to assignment of error (6) is governed by *U.S. v. Gorski*, 47 M.J. 370 (1997), and *U.S. v. Collova*, 47 M.J. 829 (C.G.Ct.Crim.App. 1998). Pursuant to those decisions, we will order the return of all forfeitures collected solely because of the application of Article 58b, UCMJ, and, although not included as part of the assigned error, any pay withheld due to an early reduction in rate pursuant to Article 57(a)(1), UCMJ, which constitutes an *ex post facto* application of that Article also. After carefully considering the briefs with respect to the remaining assignments or error and after hearing oral argument on assignments (3) and (5), we have determined that all of the remaining assignments of error are without merit. We have concluded, however, that, with respect to the finding of guilty of indecent liberties at divers times with Appellant s stepdaughter, that the evidence establishes only one instance of indecent liberty rather than at divers times, as Government counsel has correctly noted.

In light of the foregoing, only so much of the finding of guilty of indecent liberties with Appellant s stepdaughter, Gina D., as finds one instance of indecent liberty, rather than at divers times, is affirmed. The remaining findings of guilty are affirmed and, after reassessing of the sentence in light of the reduced finding of guilty, the sentence, as approved below, is affirmed. Collection of forfeitures pursuant to Article 58b, UCMJ, and reduction in pay grade prior to the date of the convening authority s action pursuant to Article 57(a)(1), UCMJ, are hereby declared illegal. Any forfeitures collected from Appellant and any pay and allowances withheld because of an illegal early reduction in grade will be restored.

Chief Judge BAUM and Judges KANTOR and WESTON concur.

For the Court

*Brian A. Johnson*
Clerk of the Court