UNITED STATES, Appellee,

v.

Teresa S. MILEY, Molder Chief (Surface Warfare), U.S. Navy, Appellant.

No. 98–0721.
Crim.App. No. 96–0822.

U.S. Court of Appeals for
the Armed Forces.

Argued June 1, 1999.

Decided Aug. 11, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Lieutenant Omar R. Lopez*, JAGC, USNR (argued); *Lieutenant Syed N. Ahmad*, JAGC, USNR.

For Appellee: *Captain Danny R. Fields*, USMC (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Commander E.E. Irvin*, JAGC, USN (on brief); *Major Troy D. Taylor*, USMC.

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to her pleas, appellant was convicted at a general court-martial of two specifications of larceny and five specifications of forgery, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 USC §§ 921 and 923, respectively. She was sentenced to a bad-conduct discharge, 105 days' confinement, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority suspended confinement in excess of 90 days, reduction below E–5, and the discharge for 12 months from the date of trial. The Court of Criminal Appeals affirmed the findings and sentence on February 26, 1998, in an unpublished opinion.

We granted review of the following issue:

WHETHER THE OFFICER EXERCISING GENERAL COURT–MARTIAL JURISDICTION OVER APPELLANT ERRED IN VACATING THE SUSPENDED PORTIONS OF APPELLANT'S SENTENCE.

We also specified the following issue:

WHETHER THE USE OF POLYGRAPH EVIDENCE DURING AN ARTICLE 72 VACATION OF SUSPENSION PROCEEDING IS PROHIBITED BY MIL. R.EVID. 707 AND *UNITED STATES V. SCHEFFER*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998).

Without reaching these questions for the reasons specified below, we will remand the case.

FACTS

Approximately 9 months into appellant's suspended punishment, she was given punishment under Article 15, UCMJ, 10 USC § 815, upon testing positive for methamphetamine use. Unpub. op. at 2, 1998 WL 88143. During the Article 15 proceedings before Commander (CDR) L, appellant allegedly requested and was allegedly afforded the opportunity to take a polygraph exam. Initially, no opinion could be rendered on the polygraph results because appellant seemed to be distorting her breathing. Eventually, Naval Criminal Investigative Service Special Agent Alex Bedoya, who administered the exam, came to the conclusion that appellant was not being truthful and, on the advice of counsel, appellant terminated the examination and the post-test interrogation. Subsequently, the Article 15 proceedings continued and she was punished. She appealed the Article 15 punishment to Rear Admiral (RADM) Walker, who denied the appeal.

The court below found that CDR L, who imposed the Article 15, was also the special court-martial convening authority who in fact conducted the vacation proceeding, even though the Report of those proceedings is

signed by another officer as "Acting" Commanding Officer. Unpub. op. at 4. The suspended sentence was vacated on August 2, 1996. But it is unclear whether the Article 15 was conducted in one proceeding or in a piecemeal fashion. It is also unclear from the record whether the vacation proceedings were held simultaneously with the Article 15 or entirely separate. Appellant's Article 15 election-of-rights form indicates that she demanded trial by court-martial (para. 6b), but the block on the Article 15 form (NAVPERS 1626/7) styled Right to Demand Trial by Court–Martial, is blank. Considering this defect, the lower court concluded that appellant had accepted the Article 15 (after rejecting a "forged" so-called "affidavit" but accepting a subsequently legitimate one) and that her ultimate decision to do so had merely not been documented. Unpub. op. at 5. RADM Walker, the general court-martial convening authority, accepted the recommendation of the hearing officer and vacated the suspended punishment on August 2, 1996.

Appellant alleges that there was an improper vacation because (1) RADM Walker relied on a hearing at which appellant was not represented by counsel; (2) appellant's counsel was not effective; (3) there was never a bona fide hearing; (4) there was no appropriate recommendation flowing from the hearing; (5) there were no appropriate findings; (6) "neither RADM Walker nor the hearing officer was neutral and detached"; and lastly (7) the record was not sufficiently summarized. Final Brief at 8.

The Government takes the position that counsel showed more concern "about the possibility of another court-martial than" a vacation proceeding is evidence of effective presentation. Answer to Final Brief at 8. The Government further notes that there was a detailed report given to RADM Walker upon which he made his judgment. *Id.* at 9–11. Furthermore, because both RADM Walker and CDR L had received information in their official capacities, they were not disqualified on account of their involvement in the prior Article 15. *Id.* at 12–13.

Despite all these arguments, what we have before us is a number of conflicting and incomplete affidavits from the commander, the acting commander, two defense counsel, and a legal clerk. We also have what appears to be a forged affidavit from that legal clerk. This record is not in an acceptable condition for appellate review, and it is, therefore, necessary to have further proceedings to consider the following questions:

1. Why was the polygraph test administered?

2. Did appellant have legal counsel and advice prior to, during, or after the polygraph test?

3. Why was the post-polygraph interrogation terminated?

4. When did the completion of the polygraph examination take place?

5. Did appellant in fact accept punishment under Article 15?

6. Was the Article 15 a part of the vacation proceeding?

7. If not, was appellant represented by counsel at the vacation proceeding?

8. Did she waive her right to counsel at the vacation proceeding?

9. Was there any discussion of potential future charges in the case?

10. What impact did any such discussion have on the Article 15, the vacation proceeding, and appellant's rights?

11. What were the circumstances under which the affidavit purportedly from Legalman First Class G dated 27 Aug 97 was provided?

The questions may be determined at a hearing pursuant to *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967), or if that is deemed impracticable, a new vacation proceeding may be ordered.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General for submission to a convening authority for compliance with this opinion. Thereafter, the record will be returned directly to this Court.