ERDMANN, Judge
(dissenting):
The majority concludes that the post-trial materials relating to Mr. Mills’ alleged misconduct raise material questions of fact that could give rise to relief and that further inquiry is warranted. As I find that the circumstances of this case do not warrant extending the period within which to seek a new trial on the basis of newly discovered evidence, I do not agree that a factfinding hearing under United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), is warranted. I therefore respectfully dissent.
In the context of a petition for new trial under Article 73, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 873 (2000), a petitioner has two years after the convening authority takes action within which to bring a petition for new trial based on newly discovered evidence. Since the new evidence in Luke’s case did not come to light until almost five years and five months after the convening authority’s action, this new evidence does not support a petition for new trial under Article 73, UCMJ.
*64 Luke argues that despite this statutory language, a motion for a new trial based on newly discovered evidence may be bought if a case is in the course of appeal, relying on United States v. Harris, 61 M.J. 391 (C.A.A.F.2005), and United States v. Murphy, 50 M.J. 4 (C.A.A.F.1998).[1] Murphy was a capital ease in which Murphy sought a new trial based on newly discovered expert scientific evidence bearing on his mental responsibility. 50 M.J. at 13-14. Despite the fact that this evidence arose well after the two-year time period under Article 73, UCMJ, this court applied the Rule for Courts-Martial (R.C.M.) 1210(f)(2) new trial analysis to his request for a new trial. Id. at 15. We did so because it was a capital case calling for this court to carefully scrutinize the case for “reliability of result.” Id. at 14.[2] Capital litigation is unquestionably different and the need to assure a reliable result warrants different treatment. See Ring v. Arizona, 536 U.S. 584, 605-06, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (“There is no doubt that ‘death is different’.”); Loving v. United States, 62 M.J. 235, 236 (C.A.A.F.2005); United States v. Curtis, 32 M.J. 252, 255 (C.M.A.1991).
Harris, on the other hand, does not support the proposition that R.C.M. 1210(f)(2) should be applied beyond the two-year Article 73, UCMJ, period. Although dealing with evidence of mental responsibility discovered after trial, Harris actually filed a petition for new trial within two years of the convening authority’s action. 61 M.J. at 394.[3]
I do not find that either Murphy or Harris support a broad extension of the right to a new trial based on newly discovered evidence simply because a case remains in appellate channels more than two years after the convening authority’s action. Nor does this case present the compelling circumstances that we faced in Murphy. In this non-capital case the new evidence of Mr. Mills’ misconduct could at most be offered under Military Rule of Evidence 608(b) to impeach his trial testimony. This is not evidence rising to the level of a defense as does evidence of lack of mental responsibility. See R.C.M. 916(k).
I would hold that a DuBay hearing is not appropriate and would proceed to consideration of the remaining issues in this case.

. Luke asserts that the test to be applied in this circumstance is the same test as set forth in Rule of Courts-Martial 1210(f)(2) for a petition for new trial based on newly discovered evidence under Article 73, UCMJ.

. In addition, "mental responsibility” occupies a preferred position in militaiy jurisprudence. See United States v. Massey, 27 M.J. 371, 373 (C.M.A. 1989); United States v. Jacks, 8 C.M.A. 574, 577, 25 C.M.R. 78, 81 (1958); Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-7 (2005 ed.).

. Even though Harris did file a timely petition for new trial, I am open to the possibility of applying the new trial analysis in non-capital cases where the proffered new evidence goes to the reliability of the findings of guilt rather than the credibility of a witness.