CRAWFORD, Judge
(dissenting);
Courts-martial are public trials, and there is no prohibition against the convening authority attending a portion of the trial. I disagree with the majority that the presence of the convening authority during closing arguments is some evidence of unlawful command influence when there is no evidence the *26 members either saw or recognized the convening authority.
The military judge gave the trial defense counsel an opportunity to establish that the convening authority was seen or recognized by the members. A proffer of proof by the trial defense counsel that the senior member, Captain (CPT) Cisneros, was “intimately familiar” with the acting convening authority does not constitute such evidence. First, we do not know what that statement means. There was no indication during the voir dire, to include the individual voir dire, of any type of relationship between CPT Cisneros and the acting convening authority, Major (MAJ) Loughlin, other than she knew he was the executive officer of the squadron and she was a member of the same squadron. CPT Cisneros did not even know who the convening authority was until told at trial.
In a squadron or a battalion unit, many members of a panel will know, or be familiar with, the convening authority who is the squadron or battalion commander. During voir dire, the members testified under oath that they did not have any personal prejudices or relationships to either side of the case which would have an impact on their deliberations. They also indicated there was nothing in their past education or experience that would have an impact on their deliberations. And to the catchall question, they testified that they were not aware of anything else not mentioned in the questions which would have an influence on their deliberations. CPT Cisneros, MAJ Vosper, CPT Williams, and Chief Warrant Officer (CWO) Bolter testified they knew the convening authority. They all stated unequivocally that they did not feel the convening authority would be displeased if there was an acquittal.
During individual voir dire, MAJ Vosper testified he was in the same squadron and flew with MAJ Loughlin, but he did not think that would have an impact or influence on him. CPT Cisneros knew the convening authority, MAJ Loughlin, as the executive officer of the headquarters squadron. Outside of the hearing of the members, it was clarified that MAJ Loughlin was the executive officer, but on the date of referral he was the acting convening authority. A number of the members knew counsel for both sides but indicated that would have no impact on their deliberations. The defense challenged CPT Cisneros and MAJ Vosper because they knew the convening authority. The trial counsel noted that because this was a small flight squadron, “Everyone is going to be affiliated with ATC or flights.... ” After hearing argument, the military judge denied the challenge for cause against CPT Cisneros and MAJ Vosper but granted challenges for cause against CPT Williams, CWO Bolter, and Master Sergeant (MSgt) Soucy. The defense then used their preemptory challenge against MAJ Vosper.
The evidence during voir dire does not establish that the senior member of the court was “intimately familiar” beyond the normal relationship that exists between officers in the same squadron or battalion. We have never held that a statement by an attorney constitutes evidence or an accepted proffer. In essence, the majority seems to convert the statement by the trial defense counsel to the status of unrebutted evidence.[1] United States v. Warner, 62 M.J. 114, 125 n. 9 (C.A.A.F.2005). To convert statements by counsel and a military judge to findings of fact is not only new, but also unprecedented.
This Court has guarded against unlawful command influence. See, e.g., United States v. Stirewalt, 60 M.J. 297, 300-01 (C.A.A.F.2004); United States v. Gore, 60 M.J. 178, 179-89 (C.A.A.F.2004). Congress has done the same and has provided in Article 37(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 837(a) (2000) that a convening authority “may [not] censure, reprimand, or *27 admonish the court or any member.” This Court has now extended Article 37(a), UCMJ, far beyond its plain meaning, to include mere presence in the public courtroom to be the equivalent of a censure, reprimand, or admonishment.
The facts presented in this case do not support the existence of unlawful command influence nor did the defense counsel’s offhanded comments amount to “some evidence” of unlawful command influence. “Some evidence” must be more than a mere allegation or speculation. See United States v. Dugan, 58 M.J. 253, 258 (C.A.A.F.2003). I agree with the United States Navy-Marine Corps Court of Criminal Appeals that “trial defense counsel never stated he observed who or what the members might have been looking at.” United States v. Harvey, 60 M.J. 611, 614 (N.M.Ct.Crim.App.2004). “Rather, trial defense counsel made the assumption that the members were looking at MAJ Loughlin.” Id. His assumption or suggestion that they were “focused on Major Loughlin is just that, a suggestion, assumption or speculation without deeper meaning and not supported by the record.” Id. The trial defense counsel was not even aware of the presence of MAJ Loughlin in the courtroom until it was brought to his attention by the military judge.
How could the trial defense counsel say with any credibility who or what the members were looking at or could see in the courtroom? Further, the military judge specifically stated he did not see the members “looking over [counsel’s] shoulder.” The defense was also given the opportunity to conduct a further voir dire of the members and develop other facts that might establish unlawful command influence. The failure to conduct additional voir dire of the members under oath and establish evidence in the record constitutes a waiver of the issue absent plain error. Of additional note is the fact that the defense counsel did not raise the issue of the convening authority’s involvement in his post-trial submission. This constitutes waiver of this issue or at least is a good indication of the trial defense counsel’s opinion of the merit of the issue. United States v. Gudmundson, 57 M.J. 493, 495 (C.A.A.F.2002) (holding that an accused waives the issue of a convening authority’s disqualification if he knows of the issue and fails to object (citing United States v. Fisher, 45 M.J. 159, 163 (C.A.A.F.1996))); United States v. Jeter, 35 M.J. 442, 447 (C.M.A.1992) (holding that if an accused is aware of the convening authority’s “personal interest” in a ease and fails to object, the accused waives the issue); see United States v. Weasler, 43 M.J. 15, 19 (C.A.A.F.1995) (concluding that an accused can initiate an affirmative and knowing waiver of unlawful command influence to secure the benefits of a pretrial agreement).
Essentially, the majority’s opinion allows trial defense counsel to create the appearance of “some evidence” by mere assertions on the record and create the appearance of an issue when in fact there is none. This opinion does not allow an accused to waive affirmatively an issue of unlawful command influence or preclude further inquiry once the issue is raised even if it is in his best interest not to pursue it. In fact, it also removes from the military judge the ability to determine if “some evidence” exists. Based on the majority’s opinion, if the phrase or concept of unlawful command influence is raised in any shape, form, or fashion, the military judge should assume “some evidence” is raised and “allocate” the burden to the government to meet its burden in accordance with the tests set out in United States v. Biagase, 50 M.J. 143, 150-51 (C.A.A.F.1999).
The majority’s assertion that a United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), hearing would be fruitless because of the passage of time is pure speculation. Whether a DuBay is fruitless should not be based on speculation at this level but should await the DuBay hearing to determine the extent of the members’ memories. Thus, at a minimum, I would order a DuBay hearing.
Because of the lack of “some evidence” of unlawful command influence and the failure of the defense to accept the military judge’s *28 invitation to conduct further voir dire, I respectfully dissent as to Issue I.
As to Issue II, until there has been a DuBay hearing to determine whether the convening authority’s presence in the courtroom had an impact on the proceedings,[2] there has not been a showing of prejudice as to findings or sentence as required by the Barker[3] test. The majority assumes unlawful command influence exists and thus, they also assume the prejudice prong of the Barker test has been met.
The defense has the burden to show “some evidence” which would “constitute unlawful command influence.”[4] In regard to a due process violation for excessive post-trial delay, the defense also has the burden to establish prejudice.[5] The majority fails to hold the defense responsible for either burden.
The majority has started a troubling trend of finding a violation of an appellant’s right to a speedy post-trial review if they find any other meritorious substantive issues in a case without the benefit of a post-trial hearing as required by other courts.[6] The majority is essentially saying that if there is a meritorious substantive issue, the prejudice prong of Barker is met without fully evaluating whether there is in fact actual prejudice. This is not how that prong of the Barker test was intended to be applied. Until the defense establishes that the convening authority’s presence had an impact on the proceeding, there is no showing of actual prejudice as to the findings or sentence.
I do not concur in the majority’s conclusion that Appellant’s post-trial due process for speedy review has been violated. If, in fact, there is prejudice as the majority asserts because of the passage of time and its effect on memories, why not dismiss the charges and their specifications? Is there really a difference in the effect of the passage of time on the memories of court members for the purposes of a DuBay hearing versus the memories of witnesses[7] for a new trial? I would affirm the findings and sentence in this case because the defense has failed to meet its burdens.

. But see United States v. Gosselin, 62 M.J. 349, 353-56 (C.A.A.F.2006) (Crawford, J., dissenting), where this Court noted that statement of counsel may not be used to determine providency even though such is allowed by the Supreme Court. In this case, the statement is used as evidence. What is the difference? In United States v. Turner, 39 M.J. 259, 266 (C.M.A.1994), this Court held that a mere passing remark by defense counsel during his opening statement was not sufficient to open the door for additional evidence by the government, but here a mere passing statement constitutes evidence itself.

. Defense counsel may show at a DuBay hearing that the rules at their disposal at a retrial would not be beneficial. See, e.g,, United States v. Moreno, 63 M.J. 129, 149 (C.A.A.F.2006) (Crawford, L, concurring in part and dissenting in part).

. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. Biagase, 50 M.J. at 150 (citations and quotation marks omitted).

. United States v. Reed, 41 M.J. 449, 452 (C.A.A.F.1995).

. See, e.g., United States v. Alston, 412 A.2d 351, 362 (D.C.1980) (trial judge did not find specific prejudice because of the defendant's ability to use evidence in its original form).

. Military Rules of Evidence provide for assistance in refreshing the recollection of witnesses' memory after a passage of time.
If witnesses are not available, their former testimony can be introduced under the Military Rule of Evidence (M.R.E.) 804(b)(1) and M.R.E. 801(d)(1)(A) and (B) or M.R.E. 803(5). Likewise, if memories fade, they can be refreshed under M.R.E. 612. If there is a change in testimony, the parties have a right to impeach the witness. M.R.E. 613.
Moreno, 63 M.J. at 149 (Crawford, L, concurring in part and dissenting in part).