# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Timothy I. MARTIN
### Seaman (E-3), U.S. Coast Guard

## CGCMG 0212

## Docket No. 1260

## 26 August 2008

General Court-Martial convened by Commander, First Coast Guard District.  Tried at New York, New York, on 28 June 2005.  Post-trial session on 19 December 2006.  Fact-finding hearing on 19 June 2008.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Assistant Trial Counsel: | LT D. Sean Baer, USCGR |
| Defense Counsel: | LT James H. Kirby, JAGC, USNR |
| Trial Counsel (19 December 2006): | LT Lisa M. LaPerle, USCGR |
| Defense Counsel (19 December 2006): | LCDR Nancy J. Truax, USCG |
| Trial Counsel (19 June 2008): | LT Lisa M. LaPerle, USCGR |
| Assistant Trial Counsel (19 June 2008): | LT Travis Emge, USCG |
| Defense Counsel (19 June 2008): | LT Timothy Paskin, JAGC, USN |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCGR |
| | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LCDR Patrick M. Flynn, USCG |

## BEFORE
## McCLELLAND, KANTOR & PEPPER
Appellate Military Judges

McCLELLAND, Chief Judge:

Pursuant to his pleas of guilty, Appellant was convicted by general court-martial, military judge alone, of one specification each of violating 18 U.S.C. 2252A by receiving and possessing

child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ); and one specification of violating a lawful general order by using a government computer to view, download and store sexually explicit materials, in violation of Article 92, UCMJ. The military judge sentenced him to confinement for thirty-two months, forfeiture of all pay and allowances, reduction to E-1, and a bad-conduct discharge. On 6 December 2006, this Court set aside the Convening Authority's action and returned the record to the Judge Advocate General for remand to the Convening Authority for a new action. *United States v. Martin*, No. 1260 (C.G.Ct.Crim.App. Dec. 6, 2006). An Article 39(a) session was held on 19 December 2006 at which an inquiry was conducted concerning the provisions of a post-trial agreement between Appellant and the Convening Authority. Pursuant to the post-trial agreement, the Convening Authority approved the sentence as adjudged, but suspended confinement in excess of seventeen months and twenty-four days until either (1) the Convening Authority determines Appellant has successfully completed a sex offender treatment program or (2) two years from the date of the Convening Authority's action, whichever occurs later.

Before this Court, Appellant has assigned as error that he was denied effective assistance of counsel when his trial defense counsel failed to inform him of the Government's offer to enter into a post-trial agreement whereby the Convening Authority would suspend the remaining confinement if Appellant agreed to enter sex offender treatment at his own expense, and failed to warn him that if he persisted in his refusal to enter sex offender treatment, the Convening Authority would commute the punitive discharge to additional confinement. After ordering a fact-finding hearing in accordance with *United States v. Dubay*, 17 USCMA 147, 37 C.M.R. 411 (1967), we reject Appellant's assigned error and affirm.

The relevant facts, from those found by the military judge upon the fact-finding hearing, are as follows. Appellant was sentenced on 28 June 2005, and was taken to Naval Consolidated Brig Miramar to serve his sentence. The Government expected and hoped that he would receive sex offender treatment there. However, the first sex offender treatment class after his arrival was canceled. By the time the next class convened, he did not have sufficient time remaining on his sentence to complete the program unless he waived his good time credit, which he declined to do. Before the Convening Authority took action on the case, the Staff Judge Advocate (SJA)

learned from brig staff that Appellant had not enrolled in the sex offender treatment program. On 14 December 2005, the SJA sent an email to trial defense counsel, informing him that Appellant was not in treatment and that the SJA intended to revise his recommendation under Rule for Courts-Martial (R.C.M.) 1106, Manual for Courts-Martial, United States (2005 ed.), and suggesting defense counsel contact his client to explore options. The SJA also left voice messages for defense counsel indicating that he might recommend the Convening Authority commute the punitive discharge to additional confinement. On 5 January 2006, the SJA sent an email to defense counsel, offering a post-trial agreement to suspend all remaining confinement if Appellant would enter into a civilian treatment program at his own expense, but advising that absent treatment, the SJA would recommend that the Convening Authority commute the punitive discharge to additional confinement.

In response to the communications from the SJA, defense counsel attempted to contact Appellant in the brig by telephone. He left messages with brig staff on at least two occasions, and on a few other occasions he left voice mail messages. Defense counsel had an email address for the brig's director of parole and release, but did not send an email to him. With other clients in the brig, including a client at Miramar, defense counsel had always received a return call when he left a message. He never received a call from Appellant and, therefore, never told him about the offer of suspension of all remaining confinement or of the possibility of further confinement. The Convening Authority did commute the punitive discharge to additional confinement, in his action dated 14 February 2006.

Appellant eventually found out about the offer from his appellate defense counsel. As noted above, ultimately this Court set aside the Convening Authority's action and remanded the case to the Convening Authority. The ensuing post-trial agreement resulted in Appellant's release from confinement on 22 December 2006.

The test for resolving a claim of ineffective assistance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and incorporated into military law in *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). As paraphrased by this Court, "First, Appellant must show that counsel's errors were so serious that he was not functioning as the

counsel guaranteed by the Constitution's Sixth Amendment. Next, Appellant must demonstrate that counsel's deficient performance resulted in prejudice, which deprived him of a fair trial, that is, one whose result is reliable." *United States v. Caldwell*, 48 M.J. 834, 835 (C.G.Ct.Crim.App. 1998). Appellant is entitled to reasonably competent counsel, and "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Scott*, 24 M.J. at 188.

Appellant argues that defense counsel's failure to contact him was surely deficient, and was prejudicial because it resulted in his being confined for eleven months more than would have otherwise been the case. Since Appellant submitted that argument, the fact-finding hearing has established that defense counsel did attempt to contact Appellant by means that his experience had led him to believe would be effective. The military judge criticized defense counsel for not taking the additional step of emailing the brig's director of parole and release, but in our view this is far from showing that defense counsel was not reasonably competent. We find that defense counsel's error, if any, was not serious enough to satisfy the first prong of the *Strickland* test. We do not reach the question of prejudice.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,

Jane R. Lee
Clerk of the Court