BAKER, Judge
(concurring in part and dissenting in part):
I agree with the majority’s analysis and conclusion with regard to Appellant’s motion to compel discovery of the Department of Defense (DoD) report. This report was specifically requested, was made part of the record, and was not relevant to Appellant’s defense, for the reasons stated in the majority opinion. I also agree with the Court’s resolution of the issues pertaining to Major Ponce and Mr. Arehambault. However, I do not agree with the majority’s treatment of the issue of discovery of the various other memoranda, and therefore, dissent from that portion of the opinion and note 1 for the reasons that follow.
Appellant raised and this Court granted the issue challenging the military judge’s refusal or failure to order discovery of a variety of official government memoranda said to pertain to the handling of detainees.[1] He has moved to attach these memoranda to the appellate record.[2] Unfortunately, the majority, in a footnote, denies this motion in a perfunctory manner by stating that the documents are not “necessary” and without explaining how it can reach this conclusion without reviewing the documents. I would have granted the motion to attach. Alternatively, if a majority of this Court concluded that it was beyond our authority to attach such documents to the record, a remand to the CCA or an order for a DuBay[3] hearing would have been in order — or any alternative mechanism, including judicial notice, which could allow for consideration of the documents.[4] In this way, we might have addressed head-on Appellant’s allegations that he was operating in a command climate, if he was not following specific instructions, that condoned and tolerated detainee abuse. Given the Court’s refusal to directly address this claim, Appellant is left to allege that he was singled out for prosecution and did not receive a fair trial, wait large. Further, addressing the claim directly would afford Appellant, and the public, the knowledge that *112 his claim, meritorious or not, was addressed in detail by a federal civilian court.
Instead, Appellant’s specific and broader claims have been dismissed with a perfunctory wave of the judicial pen. True, at the time of trial, Appellant did not describe the memos in question with specificity, or directly link those memos to his conduct. However, the majority does not explain why, how, or if, Appellant’s counsel could have identified these memos with sufficient specificity in order to now support a relevance claim on appeal. Neither does the majority indicate whether the memos were classified at the time of trial. More importantly, absent review of the memos, Appellant and the larger audience are left to wonder whether the memos are in some manner relevant to Appellant’s broader (and more amorphous) argument regarding command climate.
Of course, these documents can now be described with particularity and are publicly available. We know what they say, and can address Appellant’s relevance arguments in detail. Instead, Appellant and the larger audience, including the public, the military community, and the victims of Appellant’s abuse are left to review the memos on their own and reach their own determinations as to whether or not they were relevant, and in what manner, without benefit of a full judicial vetting and application of legal principles. The interests of justice and the military justice system would be better served were the documents attached to the record and subject to judicial review.

. Issue I:
WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY FAILING TO ORDER DISCLOSURE OF MEMOS THAT SET OUT APPROVED "ENHANCED INTERROGATION TACTICS" FOR HANDLING DETAINEES IN UNITED STATES CUSTODY.

. Among other things, the motion to attach included the following:
(a)Memorandum from John C. Yoo, Deputy Assistant Attorney General, Office of Legal Counsel, Dep’t of Justice, on Military Interrogation of Alien Unlawful Combatants Held Outside the United States to William J. Haynes II, General Counsel, Dep't of Defense (Mar. 14, 2003).
(b) Major General Geoffrey Miller, Annex 20: Assessment of DoD Counterterrorism Interrogation and Detention Operations in Iraq (U), Taguba Report with Annexes (AR 15-6 Investigation of the 800th Military Police Brigade), available at http://www. dod.gov/pubs/foi/detainees/taguba.
(c) Memorandum from Donald Rumsfeld, Sec’y, Dep’t of Defense, on Counter-Resistance Techniques in the War on Terrorism to the Commander, U.S. Southern Command (Apr. 16, 2003).

. United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (C.M.A.1967).

. C.A.A.F. R. 30A(b).