*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

**UNITED STATES**
Appellee

**v.**

**Koda M. HARPOLE, Seaman**
United States Coast Guard, Appellant

**No. 20-0142**
Crim. App. No. 1420

Argued December 2, 2020—Decided February 16, 2021

Military Judges: Christine Cutter and Matthew J. Fay

For Appellant: *Lieutenant Commander Jason W. Roberts* (argued); *Lieutenant Commander Salomee G. Briggs* (on brief).

For Appellee: *Lieutenant Nicholas J. Hathaway* (argued); *Captain Vasilios Tasikas* and *Mark K. Jamison,* Esq. (on brief).

———————————

PER CURIAM. Judge MAGGS filed a separate opinion concurring in the judgment, in which Senior Judge CRAWFORD joined.

Contrary to his pleas, Appellant was convicted of making a false official statement, sexual assault, and housebreaking, and sentenced to a dishonorable discharge, confinement for seven years, and reduction to the grade of E-1. *United States v. Harpole*, 77 M.J. 231, 232 (C.A.A.F. 2018). In our first review of this case, we:

> conclude[d] that a factfinding hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967), [was] necessary because the record fail[ed] to reflect why trial defense counsel did not seek to have Appellant's statements to the victim advocate suppressed pursuant to the provisions of Article 31(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831(b) (2012).

*Id.* at 233. Therefore, we set aside the decision by the United States Coast Guard Court of Criminal Appeals (CCA) and remanded the case for a *DuBay* hearing. *Id.* at 238 (citing *United States v. DuBay,* 17 C.M.A. 147, 37 C.M.R. 411 (1967). The case is now before us for a second time. Appellant claims the statements he made to Yeoman First Class (YN1) Holly Nipp, the victim advocate, were in fact inadmissible at his court-martial because she did not first advise him of his rights under Article 31(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831(b). He further alleges that his trial defense counsel were ineffective for failing to file a motion to suppress the statements under Article 31(b). The CCA affirmed the findings and sentence, finding that Article 31(b) warnings were not required under these circumstances, Appellant's counsel were not deficient for declining to pursue the motion, and Appellant was not prejudiced. *United States v. Harpole*, 79 M.J. 737, 741–46 (C.G. Ct. Crim. App. 2019). We hold Article 31(b) warnings were not required and that his ineffective assistance of counsel claim is moot.

## I. Discussion

The first issue is whether YN1 Nipp was required to advise Appellant of his rights under Article 31(b) before talking with him. Article 31(b) provides, in relevant part, that "[n]o person subject to this chapter . . . may interrogate, or request any statement from, an accused or a person suspected of an offense without first" giving the suspected person the proper warnings. Article 31(b), UCMJ.

Both parties agree that the sole Article 31(b) question before us is whether YN1 Nipp "interrogate[d], or request[ed] any statement" from Appellant while "participating in an official law enforcement or disciplinary investigation or inquiry." *United States v. Jones*, 73 M.J. 357, 361 (C.A.A.F. 2014) (citations omitted) (internal quotation marks omitted); *United States v. Swift*, 53 M.J. 439, 446 (C.A.A.F. 2000) (citation omitted) (internal quotation marks omitted). The answer is clearly no.

Appellant, accompanied by a friend, Seaman Boatswain's Mate (SNBM) Sean Childers, sought YN1 Nipp out in her role as a victim advocate to report that Appellant had been sexually assaulted by another member of the ship's crew, the

same member who filed the sexual assault complaint for which Appellant was convicted. As the *DuBay* judge and CCA found, YN1 Nipp did not do anything that suggested that she was acting for law enforcement or disciplinary purposes: she did not take notes, order Appellant or SNBM Childers to answer questions or write statements, or reach out to the Coast Guard Investigative Service with a report. *Harpole*, 79 M.J. at 744–45. In fact, she was so removed from that kind of role that she had no familiarity with Article 31(b) warnings at all. Instead, she acted as a supportive victim advocate: she simply listened to Appellant's allegation of sexual assault and then briefed the chain of command about the report, in accordance with her victim advocate training. *Harpole*, 79 M.J. at 745. The few questions that she asked and to which Appellant responded were not made in an interrogating manner and did not elicit incriminating statements from Appellant. *Id.* Therefore, Appellant's Article 31(b) claim fails.

The second issue is whether the trial defense counsel provided ineffective assistance of counsel by failing to move to suppress Appellant's statements under Article 31(b). As we have determined that Appellant was not entitled to Article 31(b) warnings during his interview with YN1 Nipp, Appellant's ineffective assistance of counsel claim is moot.

## II. Judgment

The judgment of the United States Coast Guard Court of Criminal Appeals is affirmed.

Judge MAGGS, with whom Senior Judge CRAWFORD joins, concurring in the judgment.

Appellant contends that his trial defense counsel was ineffective because he did not seek to suppress Appellant's incriminating statements to a victim advocate, Yeoman First Class Holly Nipp, under Article 31, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831 (2012). Appellant argues that his statements were suppressible because he made them in response to questions by the victim advocate when the victim advocate was acting in a law enforcement or disciplinary capacity and when he had not been warned about his right to remain silent. The Government disagrees for two reasons. First, the Government asserts that Appellant did not make the statements *in response* to any questions by the victim advocate. Second, the Government asserts that the victim advocate was not interrogating Appellant for a law enforcement or disciplinary purpose.

The Court agrees with the Government's second argument, concluding that the victim advocate "did not do anything that suggested that she was acting for law enforcement or disciplinary purposes." The Court therefore affirms the judgment of the United States Coast Guard Court of Criminal Appeals (CGCCA). I also would affirm the CGCCA, but I would do so on the basis of the Government's first argument. At a *DuBay*[1] hearing, a military judge found as a fact that Appellant did not make any incriminating statements in response to the victim advocate's questions. That should be the end of the matter. I would not use this case to set a precedent on the much more complicated question of whether victim advocates act for law enforcement or disciplinary purposes.[2]

---

[1] *See United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

[2] In previous cases, we have conducted intricate analyses of regulatory requirements and other factors to determine whether servicemembers were engaged in a law enforcement or disciplinary function for the purpose of applying Article 31, UCMJ. *See United States v. Cohen*, 63 M.J. 45, 50–52 (C.A.A.F. 2006) (concluding that an Air Force wing inspector general was engaged in a disciplinary function); *United States v. Raymon*d, 38 M.J. 136, 138–39 (C.M.A. 1993) (concluding that a psychiatric social worker at an Army hospital was not engaged in a law enforcement function).

## I. Standard of Review

"It is well-established that a determination regarding the effectiveness of counsel is a mixed question of law and fact." *United States v. Wean*, 45 M.J. 461, 463 (C.A.A.F. 1997). "Therefore, the factual findings of the [*DuBay*] judge are reviewed under a clearly-erroneous standard, and the ultimate determinations whether the representation was ineffective and, if so, whether it was prejudicial are reviewed *de novo*." *Id.* "A finding of fact is clearly erroneous when there is no evidence to support the finding, or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Criswell*, 78 M.J. 136, 141 (C.A.A.F. 2018) (citations omitted) (internal quotation marks omitted).

## II. Discussion

Article 31(b), UCMJ, requires rights warnings if certain requirements are met. It provides:

> No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

This provision, read literally, would require warnings in this case if the victim advocate (1) was a person "subject to this chapter" (2) who "request[ed] any statement from" (3) "a person suspected of an offense." Article 31(b), UCMJ. But in addition to these three requirements, we have held that "rights warnings are required [only] if the person conducting the questioning is participating in an official law enforcement or disciplinary investigation or inquiry." *United States v. Jones*, 73 M.J. 357, 361 (C.A.A.F. 2014) (citation omitted) (internal quotation marks omitted); *see also United States v. Moses*, 45 M.J. 132, 134 (C.A.A.F. 1996) ("This Court has held that Article 31(b) applies only to the questioning of a suspect or an

accused pursuant to 'an official law-enforcement investigation or disciplinary inquiry.' " (quoting *United States v. Shepard*, 38 M.J. 408, 411 (C.M.A. 1993))).

In this case, however, we need not decide whether all the requirements of Article 31(b), UCMJ, and the additional requirement that the victim advocate was acting in a law enforcement or disciplinary capacity, were met. Even if rights warnings were required and were not provided, Appellant's statements were not subject to suppression. Article 31(d), UCMJ, provides: "No statement *obtained* from any person in violation of this article . . . may be received in evidence against him in a trial by court-martial." (Emphasis added.) Here, Appellant's statements were not obtained by the victim advocate's questioning.

The victim advocate asked Appellant, " 'What were you doing in the female berthing area?' " This was a request for "[a] verbal assertion" about what Appellant was doing in the female berthing area when he visited the victim and so is a request for a "statement" within the ordinary meaning of that word. *Black's Law Dictionary* 1699 (11th ed. 2019) (entry for "statement"). If Appellant had made his incriminating statements in response to this question, and if rights warnings were required, the statement would be suppressible. But Appellant did not make his statements, incriminating or otherwise, in response to the victim advocate's questions. The *DuBay* military judge found as facts: (1) that after asking why Appellant was in the female berthing area, the victim advocate "then immediately gestured to [Appellant] to convey 'never mind' "; (2) that Appellant "made no response to this question"; and (3) that Appellant "disregarded this . . . question and . . . continued unimpeded with his recitation on what happened on the evening in question." Indeed, the *DuBay* judge found that Appellant's "statement to [the victim advocate] was not affected *at all* by this question from [the victim advocate]" and that Appellant "made no answer to this question as the question was withdrawn by [the victim advocate] before [Appellant] had an opportunity to answer the question." (Emphasis added.)

These findings of fact are not clearly erroneous because they are adequately supported by facts in the record. For example, defense counsel's notes from an interview with Seaman Boatswain's Mate Sean Childers record that the victim advocate "interrupted him and said, 'so what was your business in female berthing anyway?' then 'never mind, besides the point.'" Seaman Boatswain's Mate Childers corroborated these notes by testifying, as the *DuBay* military judge found, that the victim advocate gestured to Appellant "never mind, continue" and withdrew the question, "telling him he doesn't have to answer" it.

Appellant argues that the *DuBay* military judge's findings are clearly erroneous because the military judge "disregarded" Appellant's testimony. But the *DuBay* judge specifically found that Appellant's "recollection of the meeting in the lounge to not be credible." On appeal, we "necessarily defer to the *DuBay* judge's determinations of credibility in this regard." *Wean*, 45 M.J. at 463.

Because the facts in the record are insufficient to support a "definite and firm conviction" that the *DuBay* judge's findings were mistaken, I conclude that they are not clearly erroneous. *Criswell*, 78 M.J. at 141. Accordingly, we must defer to the *DuBay* judge's finding that the victim advocate's request for a statement was withdrawn and had no effect whatever on Appellant's subsequent statements about the night in question. It follows that these statements were not "obtained from [Appellant] in violation of this article." Article 31(d), UCMJ.

### III. Conclusion

"Our task here is greatly facilitated by the high quality of the *DuBay* record." *Wean*, 45 M.J. at 463. In my view, the judgment of the lower court must be affirmed by simple application of the appropriate standard of review, which requires that we defer to the *DuBay* judge's factual findings. Those findings establish that Appellant's statements were not obtained from victim advocate's withdrawn question. I would affirm on that ground.