UNITED STATES, Appellee

v.

Rickie E. PARRISH, Sergeant First Class
U.S. Army, Appellant

No. 07-0079

Crim. App. No. 20020916

United States Court of Appeals for the Armed Forces

Argued October 2, 2007

Decided December 5, 2007

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, STUCKY, and RYAN, JJ., joined.

Counsel

For Appellant:  Captain Richard P. Pizur (argued); Lieutenant
Colonel Steven C. Henricks and Captain Seth A. Director (on
brief); Colonel John T. Phelps II, Colonel Christopher J.
O'Brien, and Captain Fansu Ku.

For Appellee:  Captain Mark E. Goodson (argued); Major Tami L.
Dillahunt, Major Elizabeth G. Marotta, and Captain Magdalena A.
Acevedo (on brief).

Military Judge:  Denise K. Vowell

**This opinion is subject to revision before final publication.**

United States v. Parrish, No. 07-0079/AR

Judge ERDMANN delivered the opinion of the court.

Following a guilty plea, Sergeant First Class Rickie E. Parrish was convicted of sodomy with a child under twelve and several specifications of indecent acts with the same child. He was sentenced to fifteen years confinement, a dishonorable discharge, and reduction to E-1. On appeal to the United States Army Court of Criminal Appeals, Parrish argued that the convening authority failed to defer the adjudged reduction in grade pursuant to a material term of the pretrial agreement, as that term had been explained to him by his defense attorney. Relying on the fourth factor in United States v. Ginn, 47 M.J. 236, 243 (C.A.A.F. 1997), the Court of Criminal Appeals denied relief without ordering an evidentiary hearing on the grounds that post-trial affidavits, read together and within the context of the record as a whole, demonstrated the improbability of Parrish's assertions. United States v. Parrish, No. ARMY 20020916, slip op. at 10-12 (A. Ct. Crim. App. Oct. 10, 2006).

We undertook review of this case to determine whether the Court of Criminal Appeals correctly relied on this Ginn factor to resolve Parrish's post-trial claim without an evidentiary

hearing.[1]  We hold that the Court of Criminal Appeals' decision to resolve the issue without a post-trial evidentiary hearing was error.

BACKGROUND

A.  The adjudged reduction in Parrish's grade

At the time of his court-martial, Parrish was a Sergeant First Class E-7.  His adjudged sentence included reduction in grade to E-1.  Under Article 57(a)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 857(a)(1) (2000), an adjudged reduction in grade takes effect either fourteen days after the day that sentence is adjudged or the day on which the sentence is approved by convening authority action, whichever is earlier. The convening authority approved Parrish's sentence 165 days after it was adjudged, so his reduction took effect fourteen days after sentencing.

On appeal to the Court of Criminal Appeals, Parrish filed an affidavit asserting that his defense attorney had informed him that the pretrial agreement provided for a deferral of the reduction in grade so that his family would receive pay at the

---

[1] The granted issue states:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS PROPERLY
> EXERCISED ITS FACTFINDING POWER UNDER ARTICLE 66(C),
> UCMJ, IN RESOLVING THE QUESTION OF WHETHER THE
> GOVERNMENT VIOLATED A MATERIAL TERM OF APPELLANT'S
> PRETRIAL AGREEMENT DESPITE CONFLICTING AFFIDAVITS.

65 M.J. 104, 105 (C.A.A.F. 2007).

E-7 grade until the convening authority took action.  After the convening authority's action, he would then receive an additional six months pay at the E-1 grade.  Because the convening authority's action did not include deferral of the reduction in grade, Parrish's dependants received his pay at the E-1 grade rather than at the higher E-7 grade for approximately five months.

Parrish's pretrial agreement does not provide for a deferral of reduction in grade but does contain the following provision related to deferral of forfeitures:

> The convening authority agrees to disapprove any
> confinement adjudged in excess of FIFTEEN (15)
> years.  The [c]onvening authority also agrees to
> defer any adjudged and statutory forfeitures
> until action and to waive statutory forfeitures
> for a period of six months at action.  Any other
> lawfully adjudged punishment may be approved.

At the court-martial the military judge reviewed the pretrial agreement, including the above-referenced portion, with Parrish, defense counsel and trial counsel.  Parrish, his counsel and trial counsel each told the military judge the written pretrial agreement contained all the understandings, promises, and agreements between the parties, and each affirmatively disclaimed any unwritten agreements.  They also asserted that the quantum portion of the pretrial agreement correctly memorialized the convening authority's promises to Parrish in exchange for his guilty pleas.

4

B.  Proceedings before the Court of Criminal Appeals

In Parrish's affidavit filed with the Court of Criminal Appeals, he asserted that he was informed by his defense counsel that deferral of the reduction was accomplished by the following phrase in the above-referenced provision of the pretrial agreement:  "defer adjudged and statutory forfeiture until action and then [waive] statutory forfeiture for six months."[2] Parrish also asserted that his wife received the same explanation from the trial counsel and assistant trial counsel.

Parrish also filed an affidavit from his wife which alleged that she had been told by the trial counsel that she would receive her husband's pay at the E-7 grade.  She further alleged that she had complained to trial counsel and the convening authority that the checks she received for her husband's pay after his sentence was adjudged were not at the E-7 grade.

Parrish also filed a letter from Staff Judge Advocate Colonel (COL) Mortimer Shea Jr., which was addressed to Parrish's wife.  Consistent with Parrish's assertions, the letter acknowledged that Parrish's wife should have received her husband's pay at the E-7 grade from the date of the court-martial until the convening authority's action.  Parrish also filed a follow-up letter from COL Shea's successor in the Office

---

[2] This assertion, if true, provides a possible explanation as to why Parrish did not object to the terms of the pretrial agreement at trial.

5

of the Staff Judge Advocate that was sent five months later explaining that COL Shea made a mistake and that the reduction was not deferred.

Based on the affidavits of Parrish and his wife and the letter from COL Shea, the Government conceded in its responsive brief that there was a *sub rosa* agreement to defer forfeitures at the E-7 grade. The Court of Criminal Appeals, citing Parrish's affidavit as the only document "clearly asserting that there was a *sub rosa* agreement," declined to accept the Government's concession without more evidence. United States v. Parrish, No. ARMY 20020916, slip op. at 2 (A. Ct. Crim. App. Mar. 17, 2005) (order).

The lower court ordered the filing of additional affidavits from Government trial counsel, defense trial counsel, and COL Shea. The court asked the affiants to respond to specific questions concerning whether he or she made a *sub rosa* or unwritten agreement to defer the reduction in grade, whether he or she knew about any unwritten agreement or knew about any advice or promises given to Parrish and his wife that reduction from E-7 to E-1 would be deferred until action. The court also invited the submission of other evidence or affidavits that would address the question of whether a *sub rosa* or unwritten agreement existed.

The requested affidavits and other documents were filed. All of the affiants denied knowledge of a *sub rosa* agreement. The filings, however, were less consistent as to the intended content of the pretrial agreement. An e-mail exchange between Government appellate counsel and trial counsel that took place a few days before the Government's initial concession was filed with the Court of Criminal Appeals. In the e-mails the trial counsel recalled that deferral of the reduction until action was part of the pretrial agreement. Trial counsel wrote more specifically, "Our thinking on the issue was that we wanted to minimize the impact the reduction to E-1 would have on his family and his daughter in particular as she was the victim in this case." In trial counsel's subsequent affidavit, however, he did deny the existence of a *sub rosa* agreement.

Relying on the pretrial agreement, the providency inquiry, and the fact that Parrish's clemency submissions did not complain about the E-1 grade, the Court of Criminal Appeals dismissed Parrish's assertions without ordering an evidentiary hearing on the grounds that the "affidavits, read together and within the context of the record as a whole, demonstrate the improbability of appellant's claim that an unwritten agreement existed to defer the reduction in grade until action and was a material term of the pretrial agreement." Parrish, No. ARMY 20020916, slip op. at 10-12.

7

ANALYSIS

"Article 66(c) does not authorize a Court of Criminal Appeals to decide disputed questions of material fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." United States v. Fagan, 59 M.J. 238, 241 (C.A.A.F. 2004) (citing Ginn, 47 M.J. at 243). Rather, the record of trial must be expanded through an evidentiary hearing conducted in accordance with United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

In Ginn, however, the court set forth a number of factors under which a post-trial evidentiary hearing would not be required. 47 M.J. at 248. The fourth Ginn factor precludes the need for a DuBay hearing when the appellate filings and the record as a whole "compellingly demonstrate" the improbability of an appellant's assertions. Id. Focusing on whether a *sub rosa* agreement existed, the Court of Criminal Appeals used the fourth Ginn factor to resolve the issue without a DuBay hearing.[3]

_____

[3] The six factors articulated in Ginn are as follows:

(1) if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis;
(2) if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis;
(3) if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly

United States v. Parrish, No. 07-0079/AR

Whether the Army Court of Criminal Appeals correctly resolved Parrish's post-trial claim without a factfinding hearing is a legal issue that we review de novo. United States v. Sales, 56 M.J. 255, 258 (C.A.A.F. 2002). We agree with the Court of Criminal Appeals' conclusion that the appellate filings together with the record as a whole compellingly demonstrate the improbability of a *sub rosa* agreement. That conclusion, however, does not address the actual allegation in Parrish's affidavit -- that he and his wife had been misinformed by both defense counsel and trial counsel as to whether the pretrial agreement deferred the reduction to E-1. This allegation raises the possibility that Parrish and the Government shared a mutual misunderstanding as to the terms of the agreement.

Parrish's affidavit clearly asserts that he and his wife were misinformed by his attorney and trial counsel as to the

---

agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts; (4) if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the court may discount those factual assertions and decide the legal issue; (5) when an appellate claim contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record, unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal; (6) the Court of Criminal Appeals is required to order a factfinding hearing only when the above-stated circumstances are not met.

United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F. 1997).

effect of the pretrial agreement. The affidavit does not assert that there was a *sub rosa* or unwritten agreement. Parrish's wife's affidavit asserts that she was misinformed as well and that she complained to the convening authority and trial counsel when the checks she received for her husband's pay after his sentence was adjudged were not at the E-7 grade -- providing support for Parrish's assertion that they had been informed that the reduction would be deferred.

The e-mail exchange between the trial counsel and Government appellate counsel together with trial counsel's subsequent affidavit reflect that the trial counsel believed at some point that the pretrial agreement provided for a deferral of the reduction. In the e-mail exchange, trial counsel indicated that deferral of reduction was included to minimize the impact that reduction would have on Parrish's daughter, the victim in the case. His subsequent affidavit states in part:

> I don't recall a specific conversation, but I may have told [Parrish's wife] that [Parrish] would continue to receive E-7 pay for as long as possible. I say that because that is my recollection of what the agreement was to have said, and if we discussed issues of reductions in pay, given that English was not her first language, that would have been how I would have phrased it.

The letter from COL Shea shows that he too was initially under the impression that Parrish's pay would continue at the E-7 grade until the convening authority's action. There is also an affidavit from the assistant trial counsel indicating that

after court-martial, Parrish's wife made a significant number of calls to the Office of the Staff Judge Advocate. Although assistant trial counsel states that she forwarded most of the calls to trial counsel or the victim-witness liaison, she thinks "they were all about money and reimbursement for certain expenses." We note that this case is somewhat unique in that Government witnesses provide some support for Parrish's actual assertion and that the Government attempted to concede at the Court of Criminal Appeals.

This is not to say that there is not conflicting evidence in the record on this issue. To start, the pretrial agreement itself does not contain an express term covering a deferral of reduction in grade. In addition, the affidavit from assistant trial counsel, contrary to the assertions of Parrish's wife, denies ever telling her that the pretrial agreement included deferment of reduction in grade until the convening authority's action. Furthermore, COL Shea subsequently provided an affidavit that characterized his previous representation as "simply a letter that contain[ed] a mistake" and a follow-up letter to Parrish's wife from COL Shea's successor in the Office of the Staff Judge Advocate similarly characterizes COL Shea's representation in this regard as an error.

Statements in the affidavits from two defense counsel also contradict Parrish's assertions. The defense counsel who

11

handled the clemency matters averred that he does not recall ever talking with Parrish about an agreement to defer reduction. Similarly, an affidavit from the initial defense counsel denies ever telling Parrish or Parrish's wife that the pretrial agreement included deferment of any mandatory reduction in grade until action. But in that same affidavit the initial defense counsel also averred that it was his practice to discuss the possibility of deferring reductions and forfeitures with his clients and to discuss deferment with his clients if that issue arose in negotiations with the Government. Notwithstanding Government trial counsel's recollection that deferral of reduction was a consideration, the lead defense counsel does not recall discussing those issues with Parrish.

Confusion, inconsistency, and factual gaps pervade these appellate filings and raise questions as to their reliability, accuracy, and completeness. This record does not support a conclusion that the improbability of Parrish's actual assertions has been compellingly demonstrated under the fourth Ginn factor. Nor do we find applicable any of the other Ginn factors which would allow resolution without a post-trial evidentiary hearing. In these circumstances, resolution of the issue requires factfinding: to develop the full factual scenario underlying Parrish's claim that he and his wife were misinformed by both defense counsel and trial counsel as to the effect of the

12

United States v. Parrish, No. 07-0079/AR

written pretrial agreement on his pay; to consider, if applicable, whether deferment of reduction in grade was material to Parrish's decision to enter a guilty plea; and to uncover whether prejudicial legal errors occurred.  In this context, we remand for a DuBay hearing.  See United States v. Sherman, 51 M.J. 73, 76 (C.A.A.F. 1999).

                           DECISION

     The decision of the United States Army Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Army for submission to a convening authority for a hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), to address the facts underlying Parrish's claim of error as to deferral of his reduction in grade.  The military judge at such hearing shall make findings of fact and conclusions of law and then return the record of trial to the Court of Criminal Appeals for further review under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000). Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2000), shall apply.