# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Jonathan T. NAPUTI
### Fireman Electrician's Mate (E-3), U.S. Coast Guard

## CGCMG 0236

## Docket No. 1286

## 16 December 2008

General Court-Martial convened by Commander, Ninth Coast Guard District, Cleveland, Ohio. Tried at Cleveland, Ohio, on 26 April 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian Judge, USCG |
| Trial Counsel: | LT Matthew W. Merriman, USCG |
| Detailed Defense Counsel: | LT Jeremy R. Brooks, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |
| | LCDR Brian K. Koshulsky, USCG |
| | LT Emily P. Reuter, USCG |

## BEFORE
## McCLELLAND, KANTOR & TOUSLEY
### Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating 18 U.S.C. § 2251(a), by wrongfully and knowingly possessing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), and of one specification of dereliction of duty, in violation of Article 92, UCMJ. The military judge sentenced Appellant to be discharged from the Coast Guard with a dishonorable discharge, reduction to E-1, forfeiture of all pay and allowances, and confinement for three years. Pursuant to the terms of the pretrial agreement, the Convening Authority reduced the dishonorable

discharge to a bad-conduct discharge and suspended all confinement in excess of eighteen months for a period of twelve months from the date Appellant is released from confinement.

Before this Court, Appellant asserts that he was denied effective assistance of counsel when defense counsel failed to explain to him the concepts of deferment, suspension, disapproval, and waiver of forfeitures; and, when Appellant informed counsel that his mother was his dependent, failed to advocate for such relief in favor of his mother at and after trial. Appellant requests that the findings and sentence be set aside, or in the alternative, that the Convening Authority's action be set aside so that Appellant may submit a new clemency petition and request relief in favor of his mother.

Appellant submitted an affidavit in support of his assignment of error. (Assignment of Errors and Brief, App. A.) Pursuant to this Court's Order, the Government filed an affidavit from trial defense counsel responding to Appellant's allegations. Because of discrepancies between the two affidavits, on 31 October 2008, this Court ordered the record to be referred to a convening authority for a fact-finding hearing in accordance with *United States v. Dubay*, 17 USCMA 147, 37 C.M.R. 411 (1967). Return of the record is now due 7 January 2009, in accordance with our order of 12 December 2008.

Appellant now informs us that a post-trial agreement has been negotiated with the Government whereby the Convening Authority will accept a new request for clemency and take a new action on the case, and requests, by motion filed 15 December 2008, that we take action to allow the agreement to be consummated and implemented.

The Government does not concede that relief is due, but concurs with Appellant's motion of 15 December 2008, acknowledging the Convening Authority's willingness to enter into a post-trial agreement. In view of the agreement of the parties, we will set aside the action.

## Decision

The Convening Authority's action is set aside. Our 31 October 2008 order is hereby amended to delete the requirement for a fact-finding hearing. The record having been returned to

the Judge Advocate General for referral to a Convening Authority, said Convening Authority shall take a new action. Thereafter, the record of trial will be returned to this Court for further review under Article 66, UCMJ.



For the Court,

L. I. McClelland
Chief Judge