No. 11–0431/AR.   U.S. v. Clyde E. Callwood.   CCA 20080577.   Review granted on the following issue:

> WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHERE HIS TRIAL DEFENSE COUNSEL'S ACTIONS DURING THE PRETRIAL HEARING LED DIRECTLY TO APPELLANT'S CONVICTION OF ADDITIONAL CHARGES AND SPECIFICATIONS, AND WHERE HIS TRIAL DEFENSE COUNSEL FAILED AT TRIAL TO CALL TWO WITNESSES WHO WOULD HAVE UNDERMINED THE CREDIBILITY OF THE GOVERNMENT'S KEY WITNESSES.

and on the following specified issue:

> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA, MILLER,* AND *JONES. SEE UNITED STATES v. FOSLER,* 69 M.J. 490 (C.A.A.F. 2011).

The decision of the United States Army Court of Criminal Appeals is set aside.   The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry and consideration on the granted and specified issues.   The Court of Criminal Appeals will obtain affidavits from the civilian and military trial defense counsel relating to the assigned issue.   If the court, after reviewing the affidavits, determines that a fact–finding hearing is necessary, *see United States v. Ginn,* 47 M.J. 238 (C.A.A.F. 1997), that court shall order a hearing pursuant to *United States v. DuBay,* 17 C.M.A. 147, 37 C.M.R. 411 (1967).   Once the necessary information is obtained, the court will conduct its Article 66(c), UCMJ, review.   Thereafter, Article 67, UCMJ, shall apply.   [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 11–0431/AR.   U.S. v. Clyde E. Callwood.   CCA 20080577.   [See also APPEALS—SUMMARY DISPOSITIONS on this date.]