# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DANIEL ZAVALAGAMEZ**
**United States Army, Appellant**

ARMY 20110197

Headquarters, 82d Airborne Division
Tara A. Osborn, Military Judge (arraignment)
Gary J. Brockington, Military Judge (trial)
David L. Conn, Military Judge (*DuBay* Hearing)
Lieutenant Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

7 August 2012

---------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------

Per Curium:

A military judge sitting as a general court-martial  convicted appellant, pursuant to his pleas, of conspiracy to wrongfully distribute marijuana, two specifications of wrongful introduction of marijuana with intent to distribute, and wrongful distribution of marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only eighteen months of confinement, and otherwise approved the remainder of the adjudged sentence.

Appellant alleges that he was denied his Sixth Amendment right to effective assistance of counsel.  Specifically, appellant claims that his defense counsel, Captain (CPT) KA, "failed to notify the military judge of potential pretrial

punishment issues and/or entered into a *sub rosa* agreement with the government in order to obtain SPC Zavalagamez a plea deal."

## BACKGROUND

On 27 April 2012, this court ordered a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to resolve material inconsistencies in post-trial affidavits between appellant and his defense counsel regarding appellant's representation. Appellant clarified at the hearing that his counsel's deficiencies included not fully explaining what constituted Article 13, UCMJ, pretrial punishment. According to appellant, this caused him not to disclose that his First Sergeant made disparaging comments about appellant and his co-accused on numerous occasions in front of unit formations. Moreover, he alleged his defense counsel advised him not to raise issues to the military judge regarding the denial of his leave and restriction to post because it would jeopardize his pretrial agreement. This latter allegation forms the basis for his claim that his counsel had a *sub rosa* agreement with the government.

The *DuBay* military judge made, *inter alia*, the following findings of fact and conclusions of law:

> CPT [KA] orally explained to appellant the concept of illegal punishment at their initial meeting, and provided appellant with some examples of acts which might constitute Article 13 punishment. Appellant demonstrated he is both reasonably intelligent and able to complain of perceived mistreatment, as reflected by his consultation with CPT [KA] upon being denied leave. Appellant agreed, both in a stipulation of fact and in response to a specific question posed by the military judge, that he was not subject to pretrial punishment under Article 13. CPT [KA] discussed these statements with appellant in preparing him for his guilty plea. Appellant bears a reasonable burden to ask questions if he does not understand what he admits and agrees to during his trial. Therefore, under the circumstances, appellant should have been aware and should have raised the matters he now alleges on appeal at his trial, including harassing public comments by his First Sergeant.

The *DuBay* military judge also found:

2

> Both the testimony and evidence make clear that the only potential treatment of appellant that either the trial counsel, CPT [ML], or defense counsel, CPT [KA] were aware of at trial was denial of appellant's leave, restriction to the installation and no contact order with co-accuseds/co-suspects. Both government counsel and CPT [KA] reasonably concluded these matters did not rise to the level of Article 13 pretrial punishment. There is, therefore, no basis to conclude CPT [KA] had any *sub rosa* agreement with trial counsel or any member of the government.

## LAW AND DISCUSSION

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), set out a two-prong test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687; *United States v. Wean*, 45 M.J. 461, 463 (C.M.A. 1997). *See also United States v. Green*, 68 M.J. 360 (C.A.A.F. 2010).

In analyzing CPT KA's performance in the case at hand, we adopt the military judge's findings of fact and conclusions of law as our own. Upon review of the entire record, to include the *DuBay* hearing, we do not find the performance of appellant's defense counsel to be deficient. As such, we need not address the prejudice prong of *Strickland*. *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991). We hold that appellant received effective assistance of counsel.

## CONCLUSION

In addition to appellant's assigned error, we have also considered those matters personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1882), and find them to be without merit as well. On consideration of the entire record, including the briefs and affidavits submitted by all parties and the

ZAVALAGAMEZ—ARMY 20110197

*DuBay* hearing, we hold the findings of guilt and the sentence as approved by the convening authority correct in law and fact.  Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court