# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL B. O'CONNOR**
**United States Army, Appellant**

ARMY 20130853

Headquarters, Fort Campbell
Tyesha Smith, Military Judge (trial)
Matthew A. Calarco, Military Judge (*DuBay* hearing)
Lieutenant Colonel Sebastian A. Edwards, Staff Judge Advocate (trial)
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate (*DuBay* hearing)

For Appellant: Captain Robert H. Meek, III, JA; Sean A. Marvin, Esquire; James Phillips, Esquire (on brief); Captain Payum Doroodian, JA; Sean A. Marvin, Esquire; James Phillips, Esquire (on reply brief); Captain Patrick J. Scudieri, JA; David P. Sheldon, Esquire; Sean A. Marvin, Esquire (on supplemental brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA (on brief); Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA (on supplemental brief).

22 September 2016

---------------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER CONSIDERATION
---------------------------------------------------------------------------

BURTON, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of attempted forcible sodomy, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for sixteen months, and reduction to the grade of E-1.

On 3 June 2016, this court ordered a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967) "to determine the facts surrounding [a]ppellant's allegations that his trial defense counsel was ineffective in failing to investigate alleged unlawful command influence in the preferral process." *United States v. O'Connor*, ARMY 20130853 (Army Ct. Crim. App. 3 Jun. 2016) (order). The *DuBay* hearing concluded 13 July 2016. On 1 August 2016, the record of trial was returned to this court for further review and the following day the Defense Appellate Division was served with the record. Defense counsel did not file an additional brief and over two weeks later, on 19 August 2016, this court issued a summary disposition. *United States v. O'Connor*, ARMY 20130853 (Army Ct. Crim. App. 19 Aug. 2016) (summ. disp.). On 25 August 2016, defense counsel filed a motion for reconsideration requesting additional time to file a supplemental brief with this court. This court then vacated the previous summary disposition and allowed parties to file additional briefs. *United States v. O'Connor*, ARMY 20130853 (Army Ct. Crim. App. 29 Aug. 2016) (order).

This case is again before us for review under Article 66, UCMJ and we have reviewed the supplemental briefs filed by the parties. Appellant raises one assignment of error alleging the appellant received ineffective assistance of counsel when his trial defense counsel failed to act in accordance with prevailing professional norms by not investigating or preparing before trial, not zealously defending appellant, insisting to appellant that he not testify, and falling asleep during trial. Appellant's matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

Based on the record before us, we do not find defense counsel's performance constitutionally deficient.

## DISCUSSION

To establish ineffective assistance of counsel, appellant "bears the heavy burden" of satisfying the two-part test that: "the performance of his counsel was deficient and that he was prejudiced thereby." *United States v. Weathersby*, 48 M.J. 668, 670 (Army Ct. Crim. App. 1998) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987)). Regarding the first prong, counsel is presumed competent; thus, appellant "must rebut the presumption by pointing out specific errors made by his defense counsel which were unreasonable under prevailing professional norms." *Weathersby*, 48 M.J. at 670 (citing *United States v. Cronic*, 466 U.S. 648 (1984)).

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, [an appellate] court must indulge a strong presumption that a defense counsel's conduct falls within the wide range of reasonable professional assistance; that is, [an appellant] must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client the same way.

*Strickland*, 466 U.S. at 689 (citations omitted).

"Thus, a court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. at 690-91.

To establish prejudice and meet the second prong, appellant must show "counsel's errors were so serious as to deprive the accused of a fair trial, a trial whose result is reliable." *Weathersby*, 48 M.J. at 670. This requires appellant to show that the errors had more than "some conceivable effect" on the proceedings, but appellant "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.

The military judge's conclusions of law from the *DuBay* hearing were that appellant's defense team was not deficient in their performance by failing to investigate either alleged undue command influence or an order for appellant to delete his PlentyOfFish account. We agree.

**CONCLUSION**

On consideration of the entire record, including consideration of the issues personally specified by the appellant, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court