No. 17–0162/NA.  U.S. v. Keith E. Barry.  CCA 201500064.  On consideration of Appellant's petition for reconsideration of this Court's order of April 27, 2017, summarily affirming the decision of the United States Navy–Marine Corps Court of Criminal Appeals, Appellant's motions to appoint a special master, to supplement the record, and for oral argument, and Appellee's motion to remand for new post-trial processing, we note that Appellant has presented an affidavit from the convening authority averring that he felt pressure from senior civilian and military leaders to approve the findings in this case.  In order to resolve this allegation of unlawful command influence, we conclude that further factfinding must be conducted pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967). Accordingly, it is ordered that the petition for reconsideration is granted, this Court's order of April 27, 2017, is vacated, and the petition for grant of review is granted on the following issue:

> WHETHER SENIOR CIVILIAN AND MILITARY LEADERS EXERTED UNLAWFUL COMMAND INFLUENCE ON THE CONVENING AUTHORITY.

In addition, the motion to appoint a special master is denied; the motions to supplement the record are granted; the motion for oral argument is denied; and the motion to remand for new post-trial processing is denied.  The record of trial is returned to the Judge Advocate General of the Navy for remand to a convening authority other than the one who convened the court-martial concerned and one who is at a higher echelon of command.  This convening authority shall order a factfinding hearing pursuant to *DuBay*.  The presiding officer at this hearing shall be a military judge from an armed force other than the United States Navy or United States Marine Corps.  See Rule for Court–Martial 503(b)(3).

This military judge shall inquire fully and make findings of fact and conclusions of law related to the alleged unlawful command influence matter underlying the granted issue.  At the conclusion of the *DuBay* hearing, the military judge will return the record directly to this Court for further review of the granted issue under Article 67, Uniform Code of Military Justice, 10 U.S.C. § 867 (2012).  The hearing shall be completed and the record returned to this Court no later than November 1, 2017.*

No. 17–0464/CG.  U.S. v. Michael W. Kirby.  CCA 1433.  Appellant's motion to extend time to file the supplement to the petition for grant of review to July 6, 2017.

---

* It is noted that the military judge neglected to seal the transcript of the Military Rule of Evidence (MRE) 513 hearing and some of the associated pleadings, contrary to the requirements of MRE 513(e)(5).  Accordingly, the Clerk is directed to seal the MRE 513 matters (pages 26–47 and 57–61 and AE V and VIII of the record of trial).