*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**Salvador JACINTO,**
**Aviation Structural Mechanic First Class**
United States Navy, Appellant

**No. 24-0144**
Crim. App. No. 201800325

Argued January 29, 2025—Decided May 19, 2025

Military Judges: Roger E. Mattioli (trial) and
Ryan J. Sears (*DuBay* hearing)

For Appellant: *Lieutenant Jesse B. Neumann*, JAGC, USN (argued); *Major Colin W. Hotard*, USMC.

For Appellee: *Lieutenant Lan T. Nguyen*, JAGC, USN (argued); *Major Candace G. White*, USMC, and *Brian K. Keller*, Esq. (on brief); *Colonel Joseph M. Jennings*, USMC.

Amicus Curiae for Appellee: *Peter Coote*, Esq. (on brief).

———————

PER CURIAM.

We granted review of two issues in Appellant's case. As we will explain, additional factfinding is necessary to resolve important questions relevant to this appeal. Therefore, we remand the record to the United States Navy-Marine Corps Court of Criminal Appeals (CCA).

## I. Introduction

A general court-martial panel with enlisted representation convicted Appellant, in relevant part, of one specification of rape of a child (his stepdaughter, E.B.) and three specifications of sexual abuse of a child (also E.B.), in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2012). In 2021, we initially granted review to determine whether the military judge abused his discretion when he denied defense requests for a continuance[1] and for in camera review of E.B.'s mental health records. *Jacinto*, 81 M.J. at 351. However, upon review, we determined that the record was "unclear and incomplete," and that we could not make "an informed decision about whether the military judge's crucial fact findings [were] clearly erroneous." *Id.* at 354. We therefore "vacate[d] the decision of the lower court in part and remand[ed the case] for further factual development of the record." *Id.* In doing so, we directed the lower court to "obtain the missing record evidence and any other evidence (such as affidavits from medical providers) relevant to whether E.B. was diagnosed with psychotic agitation in

---

[1] The basis for the defense request for a continuance was the Government's "bombshell" disclosure "on the eve of trial" that E.B. had been prescribed Thorazine for psychotic agitation while also being diagnosed with "PTSD and major depressive disorder *without* psychotic features." *United States v. Jacinto*, 81 M.J. 350, 352, 354 (C.A.A.F. 2021) (internal quotation marks omitted). Trial defense counsel explained that the question of whether E.B. was experiencing psychotic agitation at the time of her accusation against Appellant "goes to the heart of [E.B.'s] credibility, memory, and ability to accurately perceive events." *Id.* at 352 n.6 (internal quotation marks omitted).

May 2017," and to make "any other findings of fact necessary to resolve the granted appellate issues." *Id.* at 355.

On remand, the CCA ordered a *DuBay* hearing.[2] The CCA ordered the *DuBay* military judge to answer a series of questions in order to resolve what information was omitted from the record and to make additional findings related to this Court's granted issues. Although the lower court acknowledged the conflicting evidence regarding the psychotic agitation issue, it did not directly instruct the *DuBay* military judge to resolve whether E.B. was diagnosed with psychotic agitation in May 2017.

In addition to answering the CCA's questions, the *DuBay* military judge ordered the production of E.B.'s entire 212-page hospital record for in camera review. After reviewing the results of the *DuBay* proceedings, the lower court determined that the trial military judge did not prejudicially err in denying the defense continuance motion and it affirmed the findings and sentence. *United States v. Jacinto*, No. 201800325, 2024 CCA LEXIS 14, at *17, 2024 WL 234699, at *7 (N-M. Ct. Crim. App. Jan. 18, 2024) (unpublished). We then granted review to consider, in relevant part, whether the trial military judge prejudicially erred in denying the defense motion for a continuance. *United States v. Jacinto*, 85 M.J. 97 (C.A.A.F. 2024) (order granting review).

After hearing oral argument in this case, we ordered the Government to submit an affidavit from Dr. Harwant Gill, E.B.'s treating psychiatrist. This affidavit was supposed to address "why E.B. was prescribed Thorazine and whether E.B. exhibited psychotic agitation in May 2017." *United States v. Jacinto*, __ M.J. __ (C.A.A.F. 2025) (order). The Government submitted Dr. Gill's affidavit under seal, and we then took "Dr. Gill's affidavit under further advisement." *United States v. Jacinto*, __ M.J. __ (C.A.A.F. 2025) (order).

---

[2] *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

**II. Discussion**

Even after all of this litigation, this Court still does not know the answer to two crucial questions: Why was E.B. prescribed Thorazine, and was E.B. diagnosed with psychotic agitation in May 2017? Dr. Gill's affidavit was unresponsive on these points. He stated that he no longer works at the hospital where E.B. was treated, he does not remember E.B.'s case, and "[r]etrieving the hospital records would be the only way to answer the Court's questions."

This Court cannot engage in factfinding on its own to resolve the questions cited above. *See* Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2012) (authorizing this Court to "take action only with respect to matters of law"). However, we do have the authority to order additional factfinding by a lower court. ("If an issue concerning an unresolved material fact may affect the Court's resolution of the case, the Court may remand the case or the record to the Court of Criminal Appeals." C.A.A.F. R. 30A(c); *see United States v. Graner*, 69 M.J. 104, 105 n.1 (C.A.A.F. 2010) (stating that under C.A.A.F. 30A(c), "we may remand for further factfinding if an issue concerning an unresolved fact affects the Court's resolution of the case"); *see also United States v. Barry*, 76 M.J. 407, 407 (C.A.A.F. 2017) (summary disposition); 52 M.J. 306, 307 (C.A.A.F. 1999) (rule change order) (Rules Advisory Committee Comment on C.A.A.F. R. 30A stating that "Rule 30A codifies the Court's practice concerning additional fact finding.").)

In light of these circumstances, we deem it both appropriate and necessary to remand this case once again. We direct the CCA on remand to determine whether two questions can be answered and, if they can be answered, what the answers are. These two questions are:

> 1. Why was E.B. prescribed Thorazine in May 2017?

> 2. Did E.B. exhibit signs of psychotic agitation in May 2017?

Should the CCA determine that a limited *DuBay* hearing is necessary to answer these questions, that court is

authorized to order such a hearing. We emphasize that all applicable rules of evidence and all applicable privileges continue to apply in this case. "[T]he appropriate authority—i.e., either the lower court or a *DuBay* military judge—shall conduct an in camera review, issue appropriate protective orders, and place portions of the record under seal as required." *Jacinto*, 81 M.J. at 355 (citing Rules for Courts-Martial 701(g) and 1113).[3]

### III. Conclusion

The record of trial is returned to the Judge Advocate General of the Navy for remand to the United States Navy-Marine Corps Court of Criminal Appeals for additional factfinding. Upon completion of the factfinding by the Court of Criminal Appeals, the record will be returned directly to this Court for further review of the granted issues under Article 67, UCMJ, 10 U.S.C. § 867 (2012). This factfinding shall be completed and the record returned to this Court within ninety days of this opinion.

---

[3] One obvious step that should be considered is providing Dr. Gill with relevant portions of E.B.'s medical records so that he can attempt to answer the key questions noted above. If this approach is unproductive for whatever reason, at a minimum Dr. Gill should be asked about the circumstances that would cause him, as the Medical Director at the Department of Psychiatry at a public hospital, to prescribe Thorazine to a minor who had been hospitalized for inpatient mental health treatment.